STATE OF MINNESOTA *ex rel.* Albert C. Matthews *vs.* B. F. WEBBER, Judge, etc.

November 12, 1883.

**Mandamus—Appeal—Supersedeas Bond.**—An order of the district court allowing a peremptory *mandamus* is appealable under the sixth subdivision of Gen. St. 1878, *c.* 86, § 8, as "a final order affecting a substantial right, made in a special proceeding;" and hence, to such an order, section 10 of that chapter applies, so that the execution of the bond there authorized "stays all proceedings" upon the order, and "saves all rights affected thereby."

The relator, having received a certificate of election as clerk of the district court for Lyon county, and having duly qualified, instituted proceedings in the district court for that county to obtain possession of the books, papers, etc., of the office, from one Woodford, who had been theretofore appointed to fill a vacancy in the office. In this proceeding, after a hearing before *Webber,* J., the relator obtained a final order that a peremptory *mandamus* forthwith issue, returnable the same day. This writ was issued and served, and Woodford made return that he did not intend to obey the commands of the writ, but had appealed to the supreme court from the order directing its issuance, giving bond for a stay of proceedings thereon. The relator thereupon moved the court for an attachment against Matthews, to enforce obedience to the peremptory writ. The motion was denied, and the relator then instituted this proceeding in *mandamus* in this court, to compel the district court to enforce obedience to its writ.

*John Lind,* for relator.

*Gordon E. Cole,* for respondent.

BERRY, J. An appeal lies to the supreme court from the district court, in *mandamus,* as in civil actions. Gen. St. 1878, *c.* 80, § 14. Independent of this provision of statute, an order of a district court allowing a peremptory *mandamus* is appealable under the sixth subdivision of Gen. St. 1878, *c.* 86, § 8, as "a final order affecting a substantial right, made in a special proceeding." See *People* v. *Schoonmaker,* 19 Barb. 657. It follows that, to such an order, Gen. St.

1878, c. 86, § 10, is applicable. This section enacts that an appeal, when taken from an order, "shall stay all proceedings thereon, and save all rights affected thereby," if the appellant execute a prescribed bond, "conditioned to pay the costs of said appeal, and the damages sustained by the respondent in consequence thereof, if said order or any part thereof is affirmed, or said appeal dismissed, and abide and satisfy the judgment or order which the appellate court may give therein." Hence, when the appeal and the bond are perfected, all proceedings under the order are stayed, and all rights affected thereby saved. If the writ has not been issued or served before the appeal and bond are perfected, it should not be; and if it has been issued or served before that time, no further steps should be taken under it, or to enforce it, until the appeal is determined. It is easy to see that this will sometimes result in great hardship and inconvenience, and that it will sometimes permit the very delay which the remedy by *mandamus* is intended to prevent. But we can only say that this result is more or less common to all kinds of appeals in which the appellant is permitted to stay proceedings; and besides, while we think it would be wiser to allow the district court or judge to grant or refuse a stay, in the exercise of discretion, the statute has clearly put it in the power of the appellant to secure a stay by simply giving the required bond.

As, in our opinion, the question of the effect of the appeal and bond is settled by our statute, the case of *People* v. *Steele,* 1 Edm. Sel. Cas. 505, 562, cited by the relator, is not in point. Neither is *Allen* v. *Robinson,* 17 Minn. 90, (113,) for the appeal there spoken of was not an appeal from a final order directing the issue of a peremptory *mandamus,* but an appeal under Gen. St. (1866) c. 1, § 49, which provides for an appeal bond, conditioned only for the payment of costs, and not for an *indemnity* bond, like that authorized by Gen. St. 1878, c. 86, § 10, and in that case the court was of opinion that the provisions of chapter 86, as to bonds, were not applicable to appeals under Gen. St. (1866) c. 1, § 49. See page 95, (119,) of opinion.

The appeal bond in this case is not in good form, but we think it sufficient as a bond upon each of the appeals taken, though the order refusing to quash the alternative writ is probably not appealable.

This is an application for a *mandamus* to compel a district judge to enforce the command of a peremptory *mandamus* by proceedings in contempt. The order allowing the peremptory *mandamus* having been appealed from, and an appeal bond perfected under Gen. St. 1878, *c*. 86, § 10, the proceedings in the *mandamus* were stayed by force of the statute, and hence the district judge properly declined to enforce the command of the writ, and, for the same reason, he should not be directed to enforce it by this court.

The relator's application for a *mandamus* must therefore be denied, and the order to show cause discharged.