STATE OF MINNESOTA ex rel. CHARLES J. CASMEY v. CHARLES TEAL.

April 22, 1898.

Nos. 11,087—(33).

**Mandamus—Order Directing Issue of Writ Appealable.**
An order directing the issuing of a peremptory writ of mandamus is appealable.

**Bond of Treasurer of School District—Approval—Judicial Act.**
The act of the director and clerk of a school district in approving the bond of the treasurer (G. S. 1894, § 3700) is one requiring the exercise of

judgment and discretion, and is therefore a judicial, as distinguished from a purely ministerial, act.

### Mandamus—To Compel Action—To Control Discretion.

In such cases mandamus will lie to command action, but not to control discretion, by directing the manner in which the duty shall be performed.

### Same—Amount of Bond—G. S. 1894, § 3700.

The statute requires the treasurer's bond to be in double the amount of money, as near as can be ascertained, which will come into his hands during his term. *Held*, that this refers to the aggregate amount that will come into his hands during his term, and not merely to the probable amount that will be in his hands at any one date.

Appeal by defendant from an order of the district court for Polk county, Ives, J., directing the issue of a peremptory writ of mandamus compelling him, as clerk of school district No. 218, Polk county, to approve the bond of relator as treasurer of the district. Modified.

*A. A. Miller*, for appellant.

It is well settled that the action of an officer requiring the exercise of judgment or discretion will not be controlled by mandamus. He can be compelled to act but the manner of his action cannot be controlled. McHenry v. Township, 65 Mich. 9; Heintz v. Moulton, 7 S. D. 272; High, Ex. Rem. § 42; 14 Am. & Eng. Enc. 98, 108. The only acts which the courts can rightfully control by mandamus are such as are purely ministerial. State v. Kendall, 15 Neb. 262; U. S. v. Seaman, 17 How. 225; U. S. v. Guthrie, 17 How. 284; State v. Fairchild, 22 Wis. 110. In the approval of official bonds the duty of deciding upon the sufficiency of the sureties involves such exercise of judgment and discretion as to be of a quasi judicial nature, and not simply ministerial. In this case, therefore, the clerk cannot be compelled to approve the bond.

*DeForest Bucklen*, for respondent.

The order directing the issuance of a writ of mandamus is a decision of the court on a trial without a jury, and consists of the finding of fact, conclusions of law and order for judgment; and it is therefore not an appealable order. Johnson v. Northern, 39 Minn. 30. The fact that the relator received a plurality of votes

for treasurer gave him an apparent right to have his bond approved if it complied with the requirements of the statute, and the result of the ballot, expressing his election, imposed on the clerk the duty of approving his bond when he should present a sufficient one. People v. Stone, 78 Mich. 635. The approval of the bond was a purely ministerial act and will be compelled by mandamus. Speed v. Common, 98 Mich. 360; Fremont v. Crippen, 10 Cal. 212; Weeden v. Town, 9 R. I. 128, 98 Am. Dec. 375, note; Coll v. City, 83 Mich. 367.

MITCHELL, J.

This is an appeal from an order of the district court directing the issuance of a peremptory writ of mandamus compelling the respondent, as clerk of the school district, to approve the proffered official bond of the relator as treasurer of the district.

1. Such an order is appealable. State v. Churchill, 15 Minn. 369 (455); State v. Webber, 31 Minn. 211, 17 N. W. 339.

2. The statute provides that

"The treasurer of each district shall execute a bond to the district, in double the amount of money, as near as can be ascertained, which will come into his hands as treasurer during his term, with sufficient surety, to be approved by the director and clerk, conditioned for the faithful discharge of his duties." G. S. 1894, § 3700.

The approval of the bond of a treasurer elect of a school district is an act which requires the exercise of judgment and discretion. It is therefore what is called a judicial act, as distinguished from a purely ministerial one. Where the duty is judicial and not purely ministerial, mandamus will lie to compel the exercise of official discretion or judgment, but not to direct as to the manner in which the duty shall be performed. In such cases, the function of the writ is merely to set in motion. It will be allowed to compel action, but never to control discretion. To do so would be to substitute the judgment or opinion of the court for that of the board or officer to whose judgment and discretion the determination of the matter is delegated by law.

There are cases holding that, where the proof is clear and convincing that there has been a flagrant abuse of discretion resulting

from fraud, passion, or adverse interest, the manner in which the duty shall be performed may be directed by mandamus. Whether this may be done in such extreme cases is a question which we need not consider, for this is not such a case.

We think the evidence would justify the conclusion that the respondent has never exercised his judgment or discretion in the matter, but has, in effect, refused to act at all, on the unfounded pretext that the relator was never legally elected. It would therefore have been entirely proper to issue a writ commanding the respondent to take action by either approving or disapproving the bond, so that if approved the relator could enter upon the discharge of the duties of his office, and if disapproved he might provide and tender another bond. This is as far as the direction of the writ should have gone, and in ordering a writ peremptorily commanding the respondent to approve the bond the court erred.

3. In view of further proceedings, there is another question which should be considered. The penal sum of the bond is $1,500. There is evidence tending to show that the aggregate amount of money that will come into relator's hands as treasurer may amount to $500 a year, or $1,000 during his term of office, which is two years. Of course, if the current expenses of the district are paid out of this as they mature, there probably will never be anywhere near that sum in the hands of the treasurer at any one time; and for this reason the relator claims that the statute should be construed as meaning merely that the penal sum of the bond need only be double the amount of money that will probably be in the treasurer's hands at any one time. Such a provision might be a very reasonable one, but we do not think the explicit language of the statute will admit of any such construction. We think it must be construed as meaning just what it says. As the amount of money that will come into the hands of the treasurer cannot be definitely ascertained in advance, the amount of the bond must be left somewhat to the judgment and discretion of the director and clerk.

Cause remanded, with directions to the court below to modify the direction of the writ ordered to be issued, in accordance with this opinion. No statutory costs are to be allowed to the appellant on this appeal.