CITY OF ST. PAUL v. B. L. FREEDY.[1]

June 6, 1902.

Nos. 12,937—(102).

**Erection of Telephone Poles in Streets.**

The common council of the city of St. Paul granted permission to the Northwestern Telephone Exchange Company, in accordance with its request therefor, to extend its telephone poles and wires along certain streets upon condition that the commissioner of public works should designate the location of the poles to be erected, and that the extension of the system should be acceptable to and approved by him. *Held*, that under the permission granted the company had no authority to locate its poles and extend its system without securing the commissioner's action as required by the permit.

**Commissioner of Public Works.**

The appellant, manager of the telephone company, having been arrested for violating an ordinance prohibiting excavations in any street, it was no defense that the commissioner refused to act for arbitrary and unjustifiable reasons.

Appeal by defendant from an order of the municipal court of . St. Paul, Orr, J., denying a motion for a new trial, after a trial and conviction upon a charge of violation of the city ordinance

1 Reported in 90 N. W. 781.

prohibiting excavations on the public streets without a permit from the commissioner of public works.    Affirmed.

*C. D. & Thos. D. O'Brien,* for appellant.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for respondent.

LEWIS, J.

On November 5, 1901, appellant, as manager of the Northwestern Telephone Exchange Company in the city of St. Paul, caused an excavation to be made on Burns avenue for the erection of a pole necessary in extending its telephone system, and was immediately arrested for violating Ordinance No. 436, prohibiting the making of an excavation in any street without a permit from the city engineer.   At the trial appellant attempted to justify his action upon the ground that the city council had passed a resolution granting to the company the privilege of erecting poles on that avenue, but that the commissioner of public works had refused to designate the location of the poles, as required by the resolution, upon the advice of the city legal department that the resolution was illegal, and that a permit should not be allowed, nor a designation be made, unless the company consented to the five per cent. gross earnings tax; and that because of such arbitrary refusal on the commissioner's part appellant felt justified in proceeding as he did.   It was shown that the pole so erected was in accordance with the general plan and the usual manner theretofore adopted by the city.   From the judgment entered in the municipal court adjudging appellant guilty of violating this ordinance, he appealed to this court.

The resolution referred to reads as follows:

"Resolved, That permission is hereby granted to the Northwestern Telephone Exchange Company, in accordance with their request therefor, to put up and to maintain until further orders the necessary poles to support the necessary telephone wires on the following named streets and alleys of the city of St. Paul: On Burns avenue, from Earl street to Hester avenue. * * * This permission is granted upon condition that the city of St. Paul, by resolution of its common council, may at any time order all or any portion of said poles and wires to be taken down and removed from the street, and on the further condition that the location of all

said poles shall be designated by the commissioner of public works of said city; that, when placed in alleys, none of them shall be placed so near to the intersecting street as to mar or disfigure the street so intersected, and that said entire construction shall be acceptable to and approved by said commissioner of public works."

For the purposes of this case we shall assume that the resolution referred to was legal, and had the effect of granting to the telephone company all the power or right which could have been conferred by ordinance, and we will therefore not discuss the question whether or not such action must be taken by ordinance, rather than by resolution.

By the home rule charter, adopted in June, 1900, the commissioner of public works is a public officer, appointed for a term of three years, and he is required to subscribe an oath, and to give a bond for the faithful performance of his duties. He has general charge of the engineering work of the city, and is in control and supervision of its streets, bridges, public works, etc. The aforementioned resolution granted to the telephone company permission to place its poles, and string wires thereon, on Burns avenue, but upon the express condition that their location should be designated by the commissioner of public works, and their erection subject to his approval and acceptance. Conceding that the common council had power to designate the locality and the method of constructing the extension of the telephone system, without regard to the commissioner, and that appellant would have been warranted in directing the erection of the poles under such a resolution, yet in this instance the council did not take such action, but delegated to the commissioner the right of designation and supervision. The duties so imposed by resolution upon the commissioner were such as by virtue of his office he was compelled to assume and perform, and the reason assigned for his refusal in this instance was purely arbitrary and unjustified. But, regardless of this fact, appellant was not authorized in taking matters into his own hands, even though conforming to the recognized method of erecting such poles, and by so doing he violated the provisions of Ordinance No. 436. The legal course open to appellant in this matter was to compel the commissioner's action. Mandamus will lie to compel

the exercise of official discretion or judgment, although it will not lie to direct the manner in which the duty shall be performed. State v. Teal, 72 Minn. 37, 74 N. W. 1024.

Counsel on both sides have conceded, for the purposes of this action, that the telephone company possessed the right to extend its system throughout the city, and that the only question here involved is the proper exercise of the city's police power of regulation.

Judgment affirmed.