# WILLIAM T. LEEPER AND ANOTHER v.
# HAMPTON HILLS, INC., AND OTHERS.

187 N. W. (2d) 765.

April 23, 1971—No. 42355.

*William Merlin & Associates, William Merlin,* and *David W. McKenna,* for appellants.

*Grathwol, Ploetz & Oberhauser* and *James N. Grathwol,* for respondents Hampton Hills and Hampton.

144

*Howard, LeFevere, Lefler, Hamilton & Pearson* and *Joyce A. Hughes,* for respondent village.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Rosengren, JJ.

ROGOSHESKE, JUSTICE.

Appeal by plaintiffs William T. Leeper, Jr., and Lillian L. Leeper from parts of an order and judgment in an action to recover damages for trespass and unlawful appropriation of land.

The dispositive issues raised by this appeal are whether our statute governing dedication of roads by user, Minn. St. 160.05, subd. 1, applies to the facts as recited in the trial court's findings and whether the court's findings are clearly erroneous. Having found that the statute does apply and that the lower court's findings are not clearly erroneous, we affirm, but remand the case for assessment of damages, if any, against defendants Kenneth G. Hampton, Sr., and Hampton Hills, Inc., for wrongful removal of trees.

In April 1955, plaintiffs purchased by warranty deed property consisting of a house and land in Hennepin County. The property is bordered on one side by Pomerleau Lake and on others by property now owned by defendant Hampton Hills, Inc. Hampton Hills purchased the land around plaintiffs' property for development of a golf course, which has since been completed. At the time plaintiffs bought the property and for several years thereafter, the lot immediately to the south of their land was owned by one Winkler and maintained as a private residence. The only access road to the properties owned by plaintiffs and Winkler was Juneau Lane, which then passed through plaintiffs' property and terminated at the Winkler property and now provides access to plaintiffs' property and the Hampton Hills Country Club. Plaintiffs do not dispute the fact that Juneau Lane was, and is, a public road from County Road No. 47 to the plaintiffs' driveway. However, they contend that the trail from their driveway to the Winkler property was never established as a public road but is merely a part of their private property.

This is the converse of the more typical situation where one without access to a well-improved road starts a trail, encourages public use, and then obtains municipal maintenance because of that use, thus purposely effecting creation of a public road.

Plaintiffs' contention is based upon evidence introduced during the trial that until 1966 the contested cartway was nothing more than two ruts difficult to traverse, that public maintenance of the trail during the years preceding plaintiffs' purchase of the land was intermittent and irregular, and that the trail beyond plaintiffs' driveway was not used without their permission. There was, however, testimony establishing that the township of Plymouth (which in 1955 became a village) did in some respect maintain the contested portion of Juneau Lane. There was also evidence that Mr. Winkler used the lane to drive to his property and that persons had been permitted to use the cartway presumably to visit Mr. Winkler. Although plaintiffs did ask two persons to leave the area, it is unclear whether they were requested to depart from the cartway itself or from plaintiffs' property alongside the cartway.

After hearing the testimony in this case, the trial court concluded that "Juneau Lane in the Village of Plymouth from County Road 47 south to its termination * * * is a public road of the width of two rods on each side of the center line thereof." This concluson was based upon § 160.05, subd. 1, which provides in part:

"When any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed dedicated to the public to the width of two rods on each side of the center line thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as a public highway or not * * *."[1]

The court found that the contested lane became a public road

---

[1] A statute employing almost identical language was in force during the period from 1946 to 1955 of continuous user and maintenance which

under this statute before plaintiffs purchased the property in 1955. As expressed in the court's findings of fact:

"* * * [E]mployees of the town of Plymouth performed maintenance work * * * on Juneau Lane at least as early as the 1920's, and continuously for at least the period of 1946 to 1955 did maintenance work on Juneau Lane to the southern boundary of the Leeper property each year including that part of Juneau Lane lying south of the Leeper driveway to the southern boundary of the Leeper property. * * *

"14. That the various occupants of the land lying south of the Leeper property and any person desiring to visit such occupants or to do business with them used Juneau Lane since before the turn of the century and up to the present to reach such land."

These facts found by the trial court are clearly within the contemplation of § 160.05, subd. 1. That statute operates to declare public those roads which have been used and kept in repair for a period of 6 years continuously. It is not necessary that every part of a road be worked at government expense or that any particular part receive attention every year of the 6-year period. Anderson v. Birkeland, 229 Minn. 77, 38 N. W. (2d) 215. Furthermore, public user may be established by a comparatively small number of persons. Daugherty v. Sowers, 243 Minn. 572, 68 N. W. (2d) 866; Anderson v. Birkeland, *supra.* Under the circumstances of this case, plaintiffs' concession that part of Juneau Lane is a public road renders untenable their position that another part of that lane is private property. Thus, the lower court's application of the statute to the facts found must be regarded on this record as justifiable.

---

established Juneau Lane as a public road. Minn. St. 1953, § 160.19. Whether the application of the statute to the facts found by the court, which results in a dedication of a narrow roadway into a 66-foot roadway, amounts to an unconstitutional taking was not raised at trial. See, Miller v. Town of Corinna, 42 Minn. 391, 44 N. W. 127.

Having determined that the facts found by the trial court justify the conclusion that the contested portion of Juneau Lane had become a public road prior to plaintiffs' acquisition of title to the property in 1955, we turn to a consideration of whether the court's findings of fact should be set aside as "clearly erroneous" within the meaning of Rule 52.01, Rules of Civil Procedure.

There is testimony in the record that about 1946 the entire length of Juneau Lane was graveled and "crowned up"; that during the winters from 1947 to 1955 snowplow crews worked on the road up to the Winkler property; and that during this period the road was graded, weeds were mowed, and culverts were installed in the area south of the Leeper driveway. Furthermore, there was evidence of some public use of the contested portion of the road. In short, we find in the record no basis for concluding that the trial court's findings of fact are clearly erroneous.

Plaintiffs also assert that the village of Plymouth should be estopped from claiming that Juneau Lane beyond plaintiffs' driveway is a public road, since village officials allegedly represented to plaintiffs that the village made no claim that the trail was public. This argument has no merit since Juneau Lane has been found to be a statutory public road, which remains such under the statute "until lawfully vacated." In order to vacate a public road it is necessary to follow a statutory procedure. § 161.16. Similarly, plaintiffs' claim that the "dedication is invalid" because of failure to file notice required by § 117.19 is without merit since such failure could not operate as a lawful vacation of the road.

Inasmuch as the lower court's judgment is in accord with findings of fact which are not clearly erroneous, the portions of the order and judgment relating to the public nature of the part of Juneau Lane which extends through the Leepers' property must be affirmed.

Even though $2,200 damages were awarded plaintiffs against

defendants Hampton Hills, Hampton, and Gordon J. Johnson, plaintiffs claim that the trial court failed to award damages for destruction of trees and shrubbery taken from the 66-foot right-of-way. Although apparently presented to the trial court at some stage of the proceedings, this claim and the record supporting it are confusing, and the basis for the claim, as well as the items included in the damages awarded, is not easily discerned. There is evidence that trees and shrubbery may have been wrongfully removed by defendants from the right-of-way in question. As we read the record, the lower court made no findings of fact pertinent to wrongful removal of trees from the roadway or from the Leepers' property and, it may be, neither awarded nor denied recovery for the alleged wrong. In any event, we cannot say with certainty whether damages for wrongful removal of trees were included in the award to plaintiffs. In order to clarify the disposition of, or if necessary, to enable the trial court to rule on, plaintiffs' claim, we deem it advisable to remand the case.

On remand the trial court may consider the facts in light of § 561.04, which provides in part:

"Whoever without lawful authority cuts down or carries off any wood, underwood, tree, or timber * * * on the land of another person, or in the street or highway in front of any person's house * * * is liable in a civil action to the owner of such land * * * for treble the amount of damages which may be assessed therefor, unless upon the trial it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, in which case judgment shall be given for only the single damages assessed."

Defendants Hampton and Hampton Hills would be liable to plaintiffs under this statute upon an assessment of actual damage if they wilfully cut down trees on plaintiffs' property or in the roadway running through plaintiffs' property without permission from them and, if the trees were taken from the road-

way itself, without permission from the village of Plymouth. Section 160.22 provides for acquisition by road authorities of trees within the limits of a highway and permits the road authority to cut trees acquired by purchase, gift, or condemnation, even without notice to owners of land abutting the highway. Where trees have not been so acquired, however, which may be the case here, the road authority must give notice and afford a hearing prior to removal of the trees. In no event may private individuals without authority remove trees from a public roadway, and absent authorization at least from the village of Plymouth, Hampton's removal of trees from Juneau Lane would constitute a trespass against the Leepers and may give rise to liability, including possible treble damages under § 561.04.

Even though § 561.04 may not have been called to the attention of the court at trial, the liability for wrongful removal of trees was clearly presented as an issue at trial. This is not, therefore, as defendants contend, a case where plaintiffs must be denied appellate relief for failure to raise the issue during the trial. We feel compelled to remand for clarification of the court's disposition or a ruling on this issue, which was raised below but may not have been resolved.

Affirmed in part; remanded for further action in accordance with this opinion.