## THEODORE MORITZ v. TOWN OF BURNS AND OTHERS.

193 N. W. 2d 620.

January 14, 1972—No. 42815.

*Lawrence H. Sullivan,* for appellant.

*Babcock, Locher, Neilson & Mannella* and *Landol J. Locher,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

166

PETERSON, JUSTICE.

Plaintiff, Theodore Moritz, who brought this mandamus action to compel defendant town and the individual defendants, members of the town's board of supervisors, to remove an obstruction from an alleged public road or, in the alternative, to relocate the road, appeals from the district court's order dismissing the action "with prejudice."[1]

On May 4, 1968, the Burns Town Board of Supervisors authorized one Fred R. Rhode to build a house on part of his land which, years earlier, had been used as a road. In return, Rhode agreed to furnish an alternate route for the road if, within the ensuing 3-year period, the district court should determine that the road was a public road. Pursuant to the authorization given him, Rhode constructed a house on the road.

On July 31, 1969, plaintiff, over whose land the road also passes, petitioned the district court for a writ of mandamus directing the Town of Burns to remove the house from the road or, in the alternative, to relocate the road. Plaintiff contended that the road was a public road, dedicated by statutory user pursuant to Minn. St. 160.05, subd. 1, and that therefore the town had a ministerial duty to maintain the road and to take action to remove any obstructions or, in the alternative, to relocate the road.

Defendants, in their answer, denied that the road was a public road, dedicated by statutory user, and also raised defenses of abandonment, laches, and equitable estoppel.

The trial judge, in dismissing the action, concluded, on the basis of certain findings, (1) that the evidence did not establish that the road had been maintained by the defendant town for

---

[1] The order is appealable pursuant to Rule 103.03(h), Rules of Civil Appellate Procedure, which provides that an appeal may be taken "[e]xcept as otherwise provided by statute, from the final order or judgment affecting a substantial right made in a special proceeding * * *." A mandamus action is a "special proceeding," State ex rel. Matthews v. Webber, 31 Minn. 211, 17 N. W. 339 (1883), and the order appealed from is "final."

a period of 6 years continuously; (2) that plaintiff was barred, on equitable grounds, from asserting that the road was a public road; and (3) that even if the road had once been a public road, dedicated by statutory user, the public had abandoned its rights by nonuse.

We affirm on the ground that the trial judge did not clearly err[2] in finding the facts which we think justify the conclusion that the road was not a public road, dedicated by statutory user.

In order to prove dedication by statutory user, pursuant to Minn. St. 160.05, subd. 1, one must show that for a period of 6 years continuously the public used the road and the government kept it in repair.[3] In our case defendants conceded that the public had used the road, so that plaintiff did not have to establish public user.[4] But defendants denied that the town had ever worked the road or kept it in repair or that the town had ever authorized the use of public funds for that purpose. Plaintiff had the burden of proof on this issue, although he was not required to show that the government worked every part of the road during the 6 years or even that it worked some part of the road every year during the 6 years. Leeper v. Hampton Hills, Inc. 290 Minn. 143, 187 N. W. 2d 765 (1971); Anderson v. Birkeland, 229 Minn. 77, 38 N. W. 2d 215 (1949).

The issue of government maintenance was a factual one. Plain-

---

[2] Rule 52.01, Rules of Civil Procedure, provides that findings made by a trial judge sitting without a jury "shall not be set aside unless clearly erroneous." Under this test, even though there be evidence to support the findings, we may order reversal "if, upon reviewing the entire evidence, we are left with a firm conviction that a mistake has been made." State, by Head, v. Paulson, 290 Minn. 371, 373, 188 N. W. 2d 424, 426 (1971).

[3] Minn. St. 160.05, subd. 1, provides in part: "When any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed dedicated to the public * * *."

[4] One can establish public user by showing that a comparatively small number of persons used the road for 6 years continuously. Leeper v. Hampton Hills, Inc. 290 Minn. 143, 187 N. W. 2d 765 (1971).

tiff testified that from approximately 1927 to 1936, pursuant to contract with defendant town to maintain town roads in the area, he maintained the road in question, along with the other more frequently used roads in the area, grading it two to three times a year. Plaintiff's half brother testified that he had helped plaintiff grade the roads in the area, but admitted that he did not know of his own knowledge that defendant town had specifically instructed plaintiff to maintain the road in question. Lester Rootes, who during the relevant time period was a member of the town board, testified that the board had not instructed plaintiff to maintain any particular roads but, rather, that it had more generally instructed him to maintain "town roads." Plaintiff admitted that at the time he performed the work he was a lessee of land served by the road in question; plaintiff now owns this land.

On this evidence the trial judge found that "any maintenances done on said road during those years was done by Petitioner for his personal benefit" and that "the only evidence of the expenditure of funds of the Township of Burns to maintain said road at any time was only from Petitioner, was self serving, and of little probative value."

We cannot conclude that this finding by the trial judge was "clearly erroneous." Although there is credible evidence that the town board hired plaintiff to maintain "town roads," there is no evidence, other than plaintiff's self-serving testimony, that the board intended that plaintiff should maintain the road in question. Because the public used the road only infrequently, the town board may not have considered the road to be a "town road" within the meaning of its directions to plaintiff, especially in view of two facts: The road did not appear on the county plats, and the public did not use this road nearly as much as other nearby roads going in the same direction and servicing the same area.

The finding and conclusion of the trial court on the threshold issue of dedication by statutory user is dispositive of plaintiff's claim. We accordingly affirm the order of dismissal without

discussion of the other grounds upon which the order was additionally based.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.