**Earl W. SCHILTZ, Respondent,**

v.

**CITY OF DULUTH, Minnesota,
petitioner, Appellant.**

**No. C3–89–53.**

Supreme Court of Minnesota.

Jan. 5, 1990.

**440**

Bryan F. Brown, Deputy City Atty., Duluth, for appellant.

Joseph J. Roby, Jr., Johnson, Killen, Thibodeau & Seiler, Duluth, for respondent.

COYNE, Justice.

The City of Duluth obtained further review of a decision of the court of appeals, 435 N.W.2d 625, dismissing its appeal from an order of the district court denying its motion for a new trial in a mandamus action. We reverse and remand to court of appeals for further proceedings.

Earl W. Schiltz, a veteran, was employed by the city as a manager of employee relations until his layoff in April 1981. He commenced this mandamus action after he unsuccessfully sought relief through the civil service system and after his request for a hearing under the Veterans Preference Act, Minn.Stat. § 197.46 (1986) was denied.

Ultimately, the trial court issued a peremptory writ of mandamus, determining among other grounds that Schiltz had established by a preponderance of the evidence his right to reinstatement or payment of income he would have received had he remained in the employ of the petitioner with a setoff for any income he received from other employers during the period of his layoff. The city received notice of the filing of the order on October 24, 1988, and on November 7 filed a motion for a new trial on all issues or for amended findings of fact. The alternative motions were denied in most respects but the district court did amend the findings by modifying the city's obligation with respect to medical coverage during the period of the layoff. The city has never sought review of the underlying order directing the issuance of the peremptory writ of mandamus and instead, filed a timely notice of appeal from the order denying the motion for a new trial.

The court of appeals dismissed the appeal upon the basis that because a mandamus action is a special proceeding, the proper appeal is from a final order granting or denying the writ. Minn.R.Civ. App.P. 103.03(g). It reasoned that a motion for a new trial is not required to preserve issues for appellate review in a special proceeding and then equated the motion with one to amend or vacate an appealable order; it ultimately concluded that such an order denying the motion was not appealable.

Minn.Stat. § 586.08 (1988) states that, in a mandamus action, "[pleadings] shall be construed and amended, and the issues tried, and further proceedings had, in the same manner as in a civil action." Similarly, Minn.Stat. § 586.09 (1988) provides for an appeal from the district court to the court of appeals "as in other civil cases." Historically, there has been little uniformity in the manner in which an aggrieved party has sought review by an appellate court in mandamus proceedings. *See, e.g., Moritz v. Town of Burns,* 292 Minn. 165, 166 n. 1, 193 N.W.2d 620, 621 n. 1 (1972); *State ex rel. Peterson v. Anderson,* 239 Minn. 144, 146, 58 N.W.2d 257, 259 (1953); *State ex rel. Tamminen v. City of Eveleth,* 189 Minn. 229, 232, 249 N.W. 184, 185 (1933); *State ex rel. Bd. of County Comm'rs v. McKellar,* 92 Minn. 242, 246, 99 N.W. 807, 809 (1904); *State ex rel. Matthews v. Webber,* 31 Minn. 211, 211–12, 17 N.W. 339, 339 (1883). The court of appeals itself has entertained review on an appeal by the county from an order denying its motion for a new trial after the district court directed the issuance of a writ of mandamus on petition filed by a discharged veteran seeking relief under the Veterans Preference Act. *Holmes v. Board of Comm'rs,* 402 N.W.2d 642, 644 (Minn.App. 1987). Coupled with that confusion is our repeated admonition to counsel to preserve issues for appeal by motion for a new trial and to provide the trial court with the opportunity to correct errors made during the course of the proceedings. *E.g., Sau-*

*ter v. Wasemiller*, 389 N.W.2d 200, 201–02 (Minn.1986).

To eliminate that confusion, we hold that since the legislature has indicated its intention that these matters are to proceed as other civil cases, a motion for a new trial in mandamus proceedings is authorized and appealable pursuant to Minn.R.Civ.App.P. 103.03(d). Of course, the inquiry on appeal from the order denying a motion for a new trial where, as in this case, the time to appeal from the judgment or writ itself has expired, is limited to the grounds specified in the motion—that is, whether the city presented grounds justifying the award of a new trial. *See Schaust v. Town Bd. of Hollywood*, 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973); *Rein v. Town of Spring Lake*, 275 Minn. 79, 82, 145 N.W.2d 537, 540 (1966). We acknowledge by our holding today that while not all "special proceedings" carry with them the indicia of a trial, mandamus proceedings are so similar, both in practice and in principle, that it is reasonable for the aggrieved party to seek the same post-decisional relief. The court of appeals therefore improperly characterized the motion and the trial court's order. We take no view as to whether the city will sustain its burden of establishing on appeal an entitlement to a new trial and instead remand the matter to the court of appeals for further proceedings on the merits of the city's appeal.

Reversed and remanded to the court of appeals for further proceedings.