**Helmut J. ULLRICH, Petitioner, Respondent,**

v.

**NEWBURG TOWNSHIP BOARD, Appellant.**

**No. C1–02–565.**

Court of Appeals of Minnesota.

Aug. 6, 2002.

---

David A. Joerg, Law Offices of David A. Joerg, Preston, MN, for respondent.

Joseph L. Hammell, Rippe Hammell & Murphy, Caledonia, MN, for appellant.

Considered at Special Term and decided by TOUSSAINT C.J., and KALITOWSKI and ANDERSON, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Respondent Helmut J. Ullrich petitioned appellant Newburg Township Board for the establishment of a cartway under Minn.Stat. § 164.08 (2000). On December 1, 2001, appellant denied respondent's petition to establish a cartway to his property. Respondent challenged the denial of the petition in a mandamus proceeding in district court. *See Horton v. Township of Helen,* 624 N.W.2d 591, 594 (Minn.App. 2001) (holding that a petition for writ of mandamus is appropriate to appeal a township's denial of a petition to establish a cartway pursuant to Minn.Stat. § 164.08), *review denied* (Minn. June 19, 2001).

By order on February 6, 2002, the trial court granted respondent's petition for a writ of mandamus and directed appellant to establish a cartway. This appeal is taken from the February 6 order. This court questioned whether judgment should be entered on an order that grants a petition for a writ of mandamus and, if so, whether the proper appeal is from the judgment. The parties and the trial court administrator submitted memoranda.

### DECISION

■ A mandamus action is a "special proceeding." *Moritz v. Town of Burns,* 292 Minn. 165, 166 n. 1, 193 N.W.2d 620, 621 n. 1 (1972). Except as otherwise provided by statute, an appeal may be taken from a final order, decision, or judgment affecting a substantial right made in an administrative or other special proceeding. Minn. R. Civ.App. P. 103.03(g). In *Moritz,* the supreme court noted that an order *dismissing* a mandamus action is appealable as a final order affecting a substantial right made in a special proceeding. *Mor-*

*itz,* 292 Minn. at 166 n. 1, 193 N.W.2d at 621 n. 1.

When a petition for mandamus is granted, the mandamus statute contemplates that a judgment will be entered. The statute provides:

A plaintiff who is *given judgment,* shall recover the damage sustained, together with costs and disbursements, and a peremptory mandamus shall be awarded without delay. An appeal from the district court shall lie to the court of appeals in mandamus as in other civil cases.

Minn.Stat. § 586.09 (2000) (emphasis added).

A review of the caselaw reveals that "[h]istorically, there has been little uniformity in the manner in which an aggrieved party has sought review by an appellate court in mandamus proceedings." *Schiltz v. City of Duluth,* 449 N.W.2d 439, 440 (Minn.1990).

Early caselaw held that an order directing a peremptory writ of mandamus is appealable. *See State v. Teall,* 72 Minn. 37, 39, 74 N.W. 1024, 1024 (1898); *State ex rel. Matthews v. Webber,* 31 Minn. 211, 211, 17 N.W. 339, 339 (1883); *see also McIntosh v. Davis,* 441 N.W.2d 115, 118 (Minn.1989) (citing *State v. Teall* in dicta). But in an opinion following *Teall* and *Webber,* the supreme court concluded, after examining the existing caselaw, that the "approved and correct procedure" is to appeal from the judgment or an order denying a motion for a new trial. *State v. McKellar,* 92 Minn. 242, 245–46, 99 N.W. 807, 808 (1904). The court also said that an appeal from an order directing a peremptory writ of mandamus can only be sustained by construing such an order as an "irregular judgment," which is a practice that "should not be encouraged." *Id.*

A later opinion cites *McKellar* and notes that the correct practice is to enter a formal judgment as in ordinary civil actions. *State ex rel. Boldt v. St. Cloud Milk Producers Ass'n,* 200 Minn. 1, 4, 273 N.W. 603, 605 (1937). Nevertheless, the court accepted the appeal as taken from an "irregular judgment." *Id.*

In a subsequent case, the supreme court noted that in *Boldt,* the appeal from the order granting the writ of mandamus was accepted as taken from an irregular judgment. *Independent Sch. Dist. of White Bear Lake v. City of White Bear Lake,* 208 Minn. 29, 30, 292 N.W. 777, 778 (1940). But the court also noted that the *Boldt* opinion points out the correct practice, which is to enter a judgment as in other cases. *Id.* The court concluded that where the writ is allowed, the judgment should so provide, and an appeal, if any, should be from the judgment. *Id.,* 292 N.W. at 778–79.

■ Because Minn.Stat. § 586.09 and the caselaw provide that a judgment should be entered if a writ of mandamus is granted, the proper appeal is from a judgment entered pursuant to the February 6 order. Generally, an appeal taken from a judgment before its entry is premature. *Schaust v. Town Bd. Of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973). But because appellant reasonably relied on caselaw construing an order granting a writ of mandamus as an "irregular judgment," we will allow this appeal to proceed. The trial court administrator shall enter a judgment pursuant to the February 6 order.

**Appeal to proceed.**