**CITY OF WAITE PARK, petitioner, Respondent,**

**Richard G. Heid, et al., intervenors, Respondents,**

v.

**MINNESOTA OFFICE OF AD-MINISTRATIVE HEAR-INGS, Appellant.**

No. A07–2438.

Court of Appeals of Minnesota.

Dec. 16, 2008.

---

Brandon M. Fitzsimmons, Christopher M. Hood, Flaherty & Hood, P.A., St. Paul, MN, for respondents.

Lori Swanson, Attorney General, Kenneth E. Raschke, Jr., Assistant Attorney General, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; KALITOWSKI, Judge; and JOHNSON, Judge.

## OPINION

HUDSON, Judge.

This matter was previously appealed to this court after the district court granted mandamus compelling appellant Minnesota Office of Administrative Hearings (OAH) to allow annexation of certain land by respondent City of Waite Park (city). We affirmed that decision without remanding to the district court, and there was no petition for further review. *City of Waite Park v. Minn. Office of Admin. Hearings*, No. A05–1888 (Minn.App. July 18, 2006). OAH promptly ordered the annexation of the property in compliance with this court's opinion. Two months after this court's decision, respondents Richard G. Heid and Robert P. Herges (Heid and Herges) filed with the district court a "claim for damages and interest" exceeding $2 million. OAH moved to dismiss or for summary judgment, arguing both immunity and that the district court lacked jurisdiction. The district court denied the motions, and this appeal follows. Because we conclude that no claim for damages was pleaded, that the earlier decision finally determined the district court action, and that the absence of a remand to the district court extinguished the claim for damages that Heid and Herges now seek to assert, we reverse.

## FACTS

In 2001, the city and the Township of St. Joseph (township) approved and adopted a joint resolution for orderly annexation that set forth the terms and conditions under which the city could annex land within the township. *See* Minn.Stat. § 414.0325 (2000). In 2004, Heid and Herges petitioned the city for the annexation of property they intended to develop and for a connection to the city sewer and water services. The city council approved the annexation, but the township objected. OAH concluded that there was a genuine dispute about whether the proposed annexation was in accord with the joint resolution, directed the parties to attempt to resolve their disputes, and indicated that the matter would be referred for a hearing before an administrative law judge, if necessary.

Before any administrative hearing was held, the city brought mandamus proceedings in district court. Heid and Herges intervened in the mandamus proceeding. Their "verified pleading and statement of reasons for intervention" adopted "the allegations in the [city's] petition." Their prayer for relief sought a writ of mandamus compelling OAH "to order annexation," an award of "statutory costs and disbursements," and "such other and further relief as the court deems just and equitable." The district court ruled in favor of the city and Heid and Herges, concluding that OAH had a duty to order the annexation, and it issued a writ of mandamus.

OAH appealed to this court and the district court stayed enforcement of its writ pending the outcome of the appeal. This court questioned whether the order granting mandamus had disposed of all claims in the underlying action and whether judgment had been entered, and ordered the parties to file jurisdiction memo-

randa. Heid and Herges did not file a memorandum or otherwise respond to this court's order questioning jurisdiction. OAH responded and argued that the order, writ, and judgment in the district court finally disposed of all pending claims, aside from the taxation of costs and disbursements. *See* Minn. R. Civ.App. P. 104.02 (providing that time to appeal from final judgment "shall not be extended by the subsequent insertion therein of costs and disbursements"). The city agreed that costs and disbursements were still pending, but argued that the decision was final and appealable. The city indicated that it might pursue a request for attorney fees, although no such request was then pending, and it cited a case that held that district courts have "continuing jurisdiction" to decide the amount of attorney fees, even after an appeal has been taken from a judgment on the merits, although the preferred course is for the district courts "to rule on such claims as soon as possible after entry of judgment on the merits or to not enter judgment on the merits until the fees issue has been finally resolved." *Spaeth v. City of Plymouth*, 344 N.W.2d 815, 825–26 (Minn.1984). A special term panel of this court concluded that (a) the pending request for costs and disbursements did not affect the finality of the decision, and (b) because no request for attorney fees was actually pending in the district court, the appeal was properly taken from a final decision in a special proceeding. No party sought further review of that special term order. See Minn. R. Civ.App. P. 117, subd. 1 (requiring that any petition for further review by the supreme court be served and filed within 30 days after filing of this court's decision).

In their brief in the first appeal, Heid and Herges urged this court to "uphold" the district court's grant of mandamus. The city urged this court to "affirm ... the order granting the writ." (Amicus cu-

riae League of Minnesota Cities also requested "that the district court's decision be affirmed.") No party sought a remand to the district court. This court affirmed the district court without remanding the matter, there was no petition for further review, and judgment was entered on this court's opinion. *City of Waite Park v. Minn. Office of Admin. Hearings*, No. A05–1888 (Minn.App. July 18, 2006); *see* Minn. R. Civ.App. P. 136.02 (staying entry of judgment on appellate decision until expiration of time to seek further review in the supreme court).

Two months after this court's opinion, Heid and Herges brought a "claim for damages and interest" in the original district court mandamus file. The district court denied motions by OAH to dismiss or for summary judgment on the basis of immunity or lack of jurisdiction. This appeal follows.

## ISSUE

Did the district court have jurisdiction to consider a newly pleaded claim for damages, which was asserted after an appeal from a final decision in a special proceeding, and which did not result in a remand from the appellate court?

## ANALYSIS

 If a decision on appeal has "finally concluded" a matter, the district court will thereafter be "without jurisdiction to entertain" post-appeal motions for additional relief. *Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 718 (Minn.1987). While it may be tempting "to frame the threshold issue in terms of res judicata and law of the case," the supreme court has held that "[n]either doctrine quite fits." *Id.* at 719. Appellate decisions, whether in the form of an affirmance, reversal, or modification, are gen-

erally intended "to dispose of the case as completely and finally as possible." *Id.* at 720. "If complete finality cannot be accomplished ... the appellate court will ordinarily so indicate, usually by a remand with directions or a mandate which the trial court must follow." *Id.* Determining the finality of a decision and the intent of the appellate court is based on "what the court's decision says." *Id.* Whether the district court has jurisdiction to entertain a specific claim for relief or should have granted summary judgment without reaching the merits of claims that are allegedly not properly before the court is a question of law, to be reviewed de novo. *Johnson v. Murray,* 648 N.W.2d 664, 670 (Minn. 2002); *Olson v. First Church of Nazarene,* 661 N.W.2d 254, 260 (Minn.App.2003).

OAH argues that the district court no longer had jurisdiction because (1) money damages were not sought in the initial pleadings and the issue of damages was not raised in the first appeal; (2) the filing of the first appeal deprived the district court of further jurisdiction over the matter (and the district court did not regain jurisdiction upon affirmance); and (3) the district court's final decision granting mandamus did not contain an award of damages or any reservation of jurisdiction. We agree.

### Initial pleadings

■ OAH argues that the district court lacked jurisdiction because no claim for money damages was included in Heid and Herges's initial pleadings. The mandamus statute provides that "[a] plaintiff who is given judgment [in a mandamus action], shall recover the *damage sustained,* together with costs and disbursements." Minn.Stat. § 586.09 (2006) (emphasis added). The statute further provides that "[a]n appeal from the district court shall lie to the Court of Appeals in mandamus as in other civil

cases." *Id.* When a statute indicates that proceedings "shall be conducted in the same manner as in a civil action," the statute is construed as if it adopts the rules of procedure by reference in the absence of specific statutory provisions that are inconsistent with such a reading. *Nationwide Corp. v. Nw. Nat'l Life Ins. Co.,* 251 Minn. 255, 266, 87 N.W.2d 671, 680 (1958). The rules of civil procedure require that a pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought." Minn. R. Civ. P. 8.01. If money damages of less than $50,000 are sought, the amount sought must be stated in the pleading, and if more is sought "the pleading shall state ... that recovery of reasonable damages in an amount greater than $50,000 is sought." *Id.*

■ Heid and Herges's "verified pleading" as intervenors did not include a demand for money damages. The prayer for relief in that pleading sought a writ of mandamus, plus costs and disbursements, but not money damages. In their "statement of reasons for intervention," Heid and Herges included references to $57,000 in escrowed funds and to the delay and frustration of their development plans. It also asserted that they were entitled to intervene to protect their interests. Although a pleading need not specify the particular provisions "that form the basis of [a party's] claims," it "should put the defendant on notice of the claims against him." *Mumm v. Mornson,* 708 N.W.2d 475, 481 (Minn.2006) (holding that allegations of specific "unconstitutional acts" by police officers engaged in vehicle pursuit were sufficient to state Fourth Amendment claims). Neither the verified pleading nor the statement of reasons for intervention by Heid and Herges set forth a

claim for money damages or stated the amount of damages sought. A party seeking money damages in a civil proceeding must include a demand for damages in the party's pleading and put the defendants on notice of the relief sought. Heid and Herges failed to establish that the statutory provision authorizing damages in a mandamus proceeding relieved them of that obligation.

■ Nothing in the mandamus statute is inconsistent with this reading. Claims for damages under the mandamus statute must be pleaded with the same particularity required in other civil cases. That damages are available as a matter of right in a mandamus action does not discharge litigants of their obligation to give notice to an opposing party of the specific claims asserted and relief sought.

### Impact of first appeal

■ OAH argues that the failure to raise the issue of damages in the first appeal precludes a later assertion of a claim for damages. "A mandamus action is a special proceeding." *Ullrich v. Newburg Twp. Bd.*, 648 N.W.2d 743, 744 (Minn. App.2002) (citation omitted). Although there are variations in older caselaw, this court has held that "the proper appeal is from a judgment entered pursuant to" an order granting mandamus. *Id.* at 745. The appellate rules also provide that the order or judgment in a special proceeding must be "final" to be appealable. Minn. R. Civ.App. P. 103.03(g).

■ Ordinarily, a determination of liability, without a determination of damages, is a partial adjudication of a claim, and the partial adjudication is not immediately appealable. *In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 246–47 (Minn.1982). For example, when a district court determines that a party is entitled to attorney fees, but the court reserves for a "later order the actual monetary award of attorney fees," the "appeal period does not begin to run until the entry of [an] amended judgment finally adjudicating all issues, including the" outstanding dispute over the amount of attorney fees. *Am. Family Mut. Ins. Co. v. Peterson*, 380 N.W.2d 495, 496–97 (Minn. 1986); *see also* Minn. R. Civ.App. P. 104.01, subd. 1 (providing that appeal period for partial adjudication begins to run after entry of final judgment addressing all remaining claims). Deferring appellate review until all issues have been determined by the district court "advances [the] general policy against piecemeal litigation which is reflected in the [Minnesota] Rules of Civil Appellate Procedure" and is consistent with caselaw predating the current rules. *Id.* at 497.

In the first appeal, this court specifically directed the parties to address the finality of the mandamus decision. Heid and Herges made no argument then that the judgment was not final, that the appeal was premature, or that any claim for damages remained outstanding. As already discussed, the verified pleading that Heid and Herges submitted in support of their request for intervention did not, in fact, state a claim for money damages and no amended pleadings asserting such a claim had been filed. We will not now reconsider the earlier determination that the judgment entered in October 2005 finally determined all outstanding claims. *See* Minn. R. Civ.App. P. 140.01 ("No petition for rehearing shall be allowed in the Court of Appeals.").

■ Once further review has been denied by the supreme court or the time to seek further review has passed, this court's opinions become final. *See* Minn. R. Civ.App. P. 136.02 (providing that entry of judgment on appeal be delayed for at

least 30 days after filing of opinion). "If complete finality cannot be accomplished [on appeal], if something remains to be done by the court below, the appellate court will ordinarily so indicate, usually by a remand with directions or a mandate which the trial court must follow." *Mattson*, 414 N.W.2d at 720; *see also* Minn. R. Civ.App. P. 136.03 (addressing remittitur to district court after entry of judgment). If the appellate court "proceeded on [the] representation[s]" of the parties and "was unaware that anything remained to be litigated" in the district court, and the parties did not seek remand, the appellate opinion will "completely conclude[ ]" the case. *Mattson*, 414 N.W.2d at 720. If there is no remand, the district court must comply with the opinion and even claims that were previously pleaded may be "extinguished by operation of the [appellate court's] decision." *Hoyt Inv. Co. v. Bloomington Commerce & Trade Ctr. Assocs.*, 418 N.W.2d 173, 176 (Minn.1988).

█ In the prior appeal, this court proceeded on the basis of the responses by the parties to the order questioning jurisdiction. There were, in fact, no pending claims for attorney fees or money damages at the time that judgment was entered in October 2005. To the extent that parties seek to preserve "alternative theories" for relief, they have an obligation to assert their claims before the appellate decision finally determines the action. *Mattson*, 414 N.W.2d at 721. Any potential claim for money damages was extinguished under *Mattson* and *Hoyt Inv. Co.*

### No reservation of jurisdiction for later determination—damages claim was not a collateral claim

█ OAH argues that once the city and Heid and Herges filed the first appeal, the district court no longer had jurisdiction to consider *any* claims. In reality, the

district court retains jurisdiction only for independent, supplemental, or collateral matters when an appeal has otherwise suspended the district court's authority. Minn. R. Civ.App. P. 108.01. Perfection of an appeal "shall stay all further proceedings in the trial court upon the judgment or order appealed from or the matter embraced in it; but the trial court may proceed upon any other matter included in the action, and not affected by the judgment or order from which the appeal is taken." Minn. R. Civ.App. P. 108.03; *see also Spaeth*, 344 N.W.2d at 824–25 (holding that during the pendency of appeal, the jurisdiction of a trial court is suspended only to those matters necessarily involved in the appeal, not as to those matters independent of, supplemental to, or collateral to the appealed order or judgment— specifically noting that attorney or expert fees are matters independent of the merits of the litigation). Collateral matters, such as motions for sanctions or for costs and disbursements, are independent of the underlying decision and the district court's consideration of those matters is permitted because it does not implicate the decision appealed from. *Kellar v. Von Holtum*, 605 N.W.2d 696, 700 (Minn.2000).

█ This court stated in its November 1, 2005 order that, "because no motion for fees was pending at the time that the October 12 judgment was entered, *the judgment* [on the writ of mandamus] *is final.*" (Emphasis added.) This court's affirmance of the writ of mandamus and its conclusion that a final judgment had been entered, combined with the rules and caselaw on the subject of appellate procedure, means that no further action could be taken on the writ in district court unless it was for a collateral matter. Here, Heid and Herges do not merely seek attorney or expert fees, or even costs and disbursements. They seek damages for the delay

in development of the property annexed by the city—damages inextricably tied to the mandamus cause of action. These expenses were first set forth in a pleading filed with the district court in November 2006, months after this court issued its opinion on appeal. Heid and Herges's claim for damages was not collateral to the mandamus claim, and the district court lost jurisdiction to consider any such claim after the first appeal was taken.

### Affirmance without remand

■ OAH argues that because this court did not remand for further proceedings, Heid and Herges are further barred from bringing an action for damages. "Where a judgment has been affirmed by an appellate court, the lower court cannot thereafter modify or change the judgment unless authorized to do so by statute or by the appellate court." *Traverse County v. Veigel,* 179 Minn. 589, 590, 229 N.W. 882, 883 (1930). "If complete finality cannot be accomplished, if something remains to be done by the court below, the appellate court will ordinarily so indicate, usually by a remand with directions or a mandate which the trial court must follow." *Mattson,* 414 N.W.2d at 720 (holding that reversal by court of appeals finally concluded the litigation). This court affirmed the issuance of the writ of mandamus and did not remand for further proceedings. Without a remand to the district court, the mandamus proceeding was finally concluded and the district court could not consider Heid and Herges's post-appeal request for damages. *See id.* (holding that upon reversal without remand, nothing remained to be litigated, and the case was completely concluded).

### No reservation of jurisdiction for later determination

Heid and Herges rely heavily on a 1958 case involving a mandamus decision in which the district court specifically reserved jurisdiction to take evidence and determine the amount of money damages after either the appellate proceedings were concluded or the appeal time had expired. *Nationwide,* 251 Minn. at 262, 87 N.W.2d at 678. The supreme court concluded that reservation was "a practical solution" that allowed the parties to obtain appellate review on "the right to a writ of mandamus … before [they] were put to the trouble and expense of proving damages." *Id.* at 276, 87 N.W.2d at 686.

In the present case, there was no express reservation of jurisdiction. Furthermore, as previously discussed, a judgment that determines liability but not the amount of damages is no longer appealable under the current version of the appellate rules and caselaw interpreting those rules. Minn. R. Civ.App. P. 103.03 (listing appealable judgments and orders); *In re Commodore Hotel,* 318 N.W.2d at 246–47; *American Family Mut. Ins. Co.,* 380 N.W.2d at 496–97. The statute in effect at the time *Nationwide* was decided broadly authorized appeals from orders "involving the merits of the action or some part thereof," without any requirement that orders finally determine all outstanding claims. Minn.Stat. § 605.09(3) (1957). That statute has been superseded by the appellate rules which discourage piecemeal review and generally limit appeals "to the end of a case," with limited exceptions not relevant here. 3 Eric J. Magnuson and David F. Herr, *Minnesota Practice* § 103.5, at 34–35 (4th ed.2003).

Even if the district court was cognizant of the substantial delay to the contemplated development during the time that proceedings had been pending before OAH, while the mandamus proceedings were pending in the district court, and while the first appeal was pending in this court, there was no pending claim for damages

when judgment was entered, there was no remand to the district court, and there was no reservation of jurisdiction. Therefore, the district court should have dismissed the claim or granted summary judgment to OAH.

### Quasi-judicial immunity

OAH argues that it was exercising quasi-judicial authority when it refused to summarily annex the property and, thus, is immune from a claim for damages arising from the delay. Because we conclude that any potential claim for money damages was extinguished, we need not address the alternative argument by OAH that it would be immune from such a claim.

## DECISION

There was no pending claim for money damages when the district court entered a final judgment in October 2005. After the appeal from that judgment became final, without a remand to the district court, the district court lacked jurisdiction to consider a newly pleaded claim for money damages. Accordingly, the district court erred in denying the motions to dismiss or for summary judgment.

**Reversed.**