AUGUST A. HANSEN v. TOWN OF VERDI.[1]

April 26, 1901.

Nos. 12,310—(26).

Dedication of Highway—G. S. 1894, § 1832.

> The work required under G. S. 1894, § 1832, to establish a highway by statutory dedication, is only such as may be necessary, taking into account the natural condition of the roadbed. Rogers v. Town of Aitkin, 77 Minn. 539, and Miller v. Town of Corinna, 42 Minn. 391, followed.

Action in the district court for Lincoln county to enjoin defendant from entering upon the premises of plaintiff and constructing a public highway thereon. The case was tried before Webber, J., who found in favor of the defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*John McKenzie*, for appellant.

*Mathews & Patterson*, for respondent.

[1] Reported in 85 N. W. 906.

LEWIS, J.

In 1888 the authorities of the town of Verdi attempted to lay out a public highway over the premises now owned by appellant. Such action was void for the reason that the petition was defective and no jurisdiction ever acquired. It appears that the line of road thus attempted to be made a legal highway for some years prior to 1888 had been, and ever since has been, more or less continuously traveled by the public. This action was commenced by appellant to enjoin the town authorities from entering upon his premises and improving the road in question.

The trial court found in favor of respondent, and held that, although the proceedings to lay out a road were void, yet the public had acquired, by user, a highway over such premises under the provision of that part of G. S. 1894, § 1832, which reads as follows:

"And that when any road, or portion thereof, shall have been used and kept in repair and worked, for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether the same has ever been laid out as a public highway or not."

Appellant insists upon a strict construction—First, that the road must be continuously traveled by the public for a period of not less than six years; second, that it must be kept in repair; third, that it must be worked,—not worked spasmodically, but, in the language of the statute, worked for six years continuously as a public highway. It is conceded that this road has been traveled continuously for more than six years, and no serious question is raised but that it had been kept in repair, more or less, as necessities required; but the special point is made, that there is no evidence to show that the road had been worked as a public highway during any part of such time. The evidence in this respect is exceedingly meager and very indefinite, but it was stated by the road overseer, who for a number of years had that part of the road in charge, that the ground over which the road passed was a naturally good roadbed. It was further stated that very little work was required to keep it in proper condition, and

that such work as was necessary to keep it in shape was done, although there is no evidence of any specific labor performed upon it, except that on one or two occasions the road overseer filled up some ruts.  There is some evidence tending to show that the travel was not strictly confined to one track, but that it varied somewhat.  It is apparent, however, that the main travel was in a direct line across appellant's premises, and practically confined to one place.

It was held in the case of Rogers v. Town of Aitkin, 77 Minn. 539, 80 N. W. 702, that it was not necessary, within the meaning of the statute, that work upon a highway should be continuously performed; that it was sufficient if performed when necessary. To the same effect, see Miller v. Town of Corinna, 42 Minn. 391, 44 N. W. 127.  While the evidence in those cases was more specific as to the length of time the road had been worked and kept in repair, we think that a fair preponderance of the evidence in this case shows there was a natural roadbed over appellant's premises, and that very little work was required to keep it in good repair, and that such work as was necessary had been done, from time to time, during the six years immediately preceding the time of the alleged trespass.

Let it be understood that it is not decided how wide a strip over appellant's land the public acquired by user.  It is simply held that the evidence is sufficient to show that at the place where the alleged trespass was committed, and which appellant seeks to enjoin, a public highway had been acquired, assuming that the court's finding is based upon the fact that the trespass took place at the point where the public, by actual travel, acquired a highway, within the limits defined in Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606.

Judgment affirmed.