# TOWN OF WELLS v. STEPHEN A. SULLIVAN.[1]

May 8, 1914.

Nos. 18,496—(72).

**Highway by user.**
1. The evidence considered and *held* ample to prove a public highway established by statutory user.

**Charge to jury to disregard evidence.**
2. When, during a trial, objectionable evidence is received but before final

1 Reported in 147 N. W. 244.
125 M.—23.

submission the court perceives the error and instructs the jury to disregard such evidence, the presumption is that no prejudice resulted from its reception, and if the instruction in that regard is lacking in clearness or definiteness counsel, by failing to call the court's attention thereto, waives the defect.

**Appeal and error — failure to ask instructions.**

3. Error cannot be predicated upon the court's failure to instruct in respect to the character of the evidence required to prove an issue unless an instruction thereon was suggested or requested.

Action in the district court for Rice county to enjoin defendant from maintaining a fence and in any way interfering with the free use of a certain highway, where the same crosses his land. The case was tried before Childress, J., who denied defendant's motions to dismiss the action and for a directed verdict, and a jury which returned an affirmative answer to the question whether there was a public road along the line described in the complaint. The court made findings and ordered judgment in favor of plaintiff. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Anson L. Keyes,* for appellant.

*E. H. Gipson,* for respondent.

HOLT, J.

The action is to enjoin defendant from obstructing an alleged public highway where it passes through a corner of his land. The complaint is so framed, perhaps, that it alleges a public highway both by dedication and by statutory user. The answer denies the *locus in quo* to be a public road, admits interferences therewith and a purpose to maintain the fence which obstructs access therefrom to the main highway. On defendant's motion the question whether the road, or place in dispute, was a public highway was submitted to a jury and answered in the affirmative. The court made findings, incorporating therein the verdict, and directed a permanent injunction to issue as prayed. The defendant appeals from the order denying a new trial or judgment notwithstanding the verdict.

The road in dispute begins at a point where a legally established

cartway ends, thence runs west 33 rods along the northerly boundary of defendant's land, thence southwesterly 25 rods through his land to the main thoroughfare, called the Shieldsville road. So that the road in controversy depends for 58 rods only, for its existence as a public highway, upon proof of statutory user. All witnesses whose knowledge of the locality goes back sufficiently, agree that a road has existed in the exact place where it now is for more than 30 years, and during all of the time has been traveled continually by the public. The only fact in dispute was whether, prior to the time of defendant's obstruction, the road had been worked by the public for more than six years so as to make it a public highway under section 2563, G. S. 1913 (section 1832, G. S. 1894, section 1197, R. L. 1905). The law is well settled that, in order to establish a public highway under this statute, the proof must show not only travel by the public, but also that it has been worked or kept in repair by the public for the prescribed period. The authorities on the proposition are fully cited and reviewed in Minneapolis Brewing Co. v. City of East Grand Forks, 118 Minn. 467, 136 N. W. 1103. It is not necessary that every portion of the road should be worked, nor that any part should receive attention every year during the period. Miller v. Town of Corinna, 42 Minn. 391, 44 N. W. 127; Rogers v. Town of Aitkin, 77 Minn. 539, 80 N. W. 702; Hansen v. Town of Verdi, 83 Minn. 44, 85 N. W. 906. There must be definite and clear evidence that during some time more than six years prior to the time when the owner of the land asserted the right to exclude public travel, work, appropriate to keep public roads in proper condition, was done at public expense or by the public authorities. We have given the whole record attentive reading and conclude that it amply sustains the verdict and findings. It would serve no useful purpose to detail the testimony. It is enough to say that different witnesses testified to working out road taxes upon this part of the road, to seeing others do the same, to different kinds of work being done, such as cutting down the approach to the main road, placing a culvert where needed, dragging it and the like. Two witnesses definitely fix some of this work as early as 1902; and the inference from other testimony is that some work was done many years prior thereto. Indeed, counsel for de-

fendant insists that it may have been before the enactment of the statute in 1877. The evidence to disprove work is to a large extent from persons who had no particular occasion to observe what was done on the road. It follows that defendant's motions for dismissal and for judgment notwithstanding the verdict were properly denied.

Error is assigned upon the reception of certain evidence and upon parts of the charge. Early in the trial witnesses were permitted, against defendant's objections, to state that former owners of the land never objected to the public travel over the road. When it appeared that plaintiff intended to rely entirely on statutory user for its cause of action, the court remarked that the objection should have been sustained. Thereupon defendant's counsel stated: "I will ask the court if it will change its ruling to those two questions to which I took an exception?" The court said: "Yes, the objections will be sustained on those two, and I now instruct the jury to disregard them." If counsel deemed the instruction inadequate to withdraw from the jury the objectionable testimony, it was his duty to insist on a more definite instruction. Not having so done he must be held to have approved of the means adopted by the court to correct an inadvertent mistake. No one familiar with the trial of law suits will contend that a verdict must be overturned whenever it is made to appear that objectionable testimony found temporary lodgment, although the jury were promptly instructed to disregard the same as soon as the error was perceived by the court. Ordinarily it is to be presumed that the jury is able to heed such instructions and that no prejudice follows. Were the rule otherwise few verdicts could ever stand, and trials would become a mockery.

We do not think any vice inheres in this instruction given at the request of plaintiff: "The amount of work on the road required by the statute is only such as may be necessary, taking into account the natural condition of the roadbed." It is stated that this is tantamount to saying that if this piece of road was naturally fit for travel without being worked, work was dispensed with and need not be proven. But, it seems to us, such meaning is not the one that would ordinarily be derived from the language used. Furthermore when the whole charge, with reference to working or keeping the road in repair,

is considered, no basis whatever for defendant's criticism of the request remains.

The court instructed the jury that the burden was upon plaintiff to adduce a preponderance of evidence in support of its claim that the road was a public highway, but did not indicate the character or quality of the evidence to establish such highway by statutory user. The defendant now assigns error because the court omitted to state that the proof must be clear and convincing, or equivalent language. Conceding defendant entitled to such instruction it was neither suggested nor requested. Under Ferber v. State Bank of Pine Island, 116 Minn. 261, 133 N. W. 611, there is no reversible error here.

We consider the evidence ample to sustain the verdict finding the road to be a public highway, and defendant in his answer, as well as on the trial, having admitted obstructing the same and intending to continue in such obstruction, the findings and order directing judgment permanently enjoining him from so doing are right.

Order affirmed.