# F. A. WHITELEY v. JACOB STRICKLER AND OTHERS.[1]

## April 17, 1924.

## No. 23,858.

**Dedication of road by repair and user.**

1. The keeping in repair and working of a road for six years, which together with user is required by section 2563, G. S. 1913, in order to establish dedication to the public, must be done under the authority and at the expense of government, functioning through an appropriate agency. Town of Wells v. Sullivan, 125 Minn. 353, is controlling to that effect.

**Vacation of abandoned road in 1889 not affected by act of 1903.**

2. The change by way of shortening an old road in 1889 did not amount to a vacation of the abandoned portion under section 2565, G. S. 1913, which provides that after the change of a road, the discarded portion shall remain open to public travel for two years, after which it shall be considered as vacated. That statute did not become a part of our law until 1903, when it appeared as chapter 96 of the General Laws of that year. By its terms it did not apply to any road changed before its enactment.

Action in the district court for Crow Wing county to obtain removal of obstructions in a certain highway, to restrain obstructions in the future, and to recover $5,025. From an order, McClenahan, J., denying his application for a temporary injunction, plaintiff appealed. Affirmed.

*F. A. Whiteley* and *Elliott, Doll & Coursolle,* for appellant.

*M. E. & C. A. Ryan,* for respondent.

STONE, J.

This appeal is by plaintiff from the denial of a temporary injunction against the obstructing of an alleged public highway which furnishes the only means of access from plaintiff's property to a nearby county road.

[1]Reported in 198 N. W. 420.

To review the case at any great length would serve no useful purpose. The learned trial judge denied the injunction, upon the ground that plaintiff's proof was insufficient in that it failed to show the establishment of the road by statutory user, the case for plaintiff having been rested upon section 2563, G. S. 1913, which is in part as follows:

"Whenever any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed dedicated to the public, * * * and be and remain, until lawfully vacated, a public road, whether the same had ever been established as a public highway or not."

The defect considered below to exist in plaintiff's case, as made by his complaint and affidavits, was a failure to show "not only travel by the public, but also that [the road in question] has been worked or kept in repair by the public for the prescribed period," reference being made to Town of Wells v. Sullivan, 125 Minn. 353, 147 N. W. 244. It was there held that the maintenance contemplated by section 2563 must be "done at public expense or by the public authorities."

Assuming that so far the decision below was not a matter of discretion but a decision upon a controlling question of law, we are not now disposed to depart from the rule of the case just cited. While its language refers to the necessity for "definite and clear evidence" of maintenance work under public auspices and at public expense, it is not to be taken that the performance of such work must be proven by anything more than the usual preponderance of evidence.

That decision means—and in this sense we follow it—that the maintenance work required for the statutory period in order to create a highway by so-called statutory user must be under competent public authority and at public expense. It is not enough that interested individuals in volunteer fashion maintain a road. Although they are members of the public, that is not the kind of work referred to by the statute as the repairing and working of a

road as a public highway. Public highways are not so worked and maintained. They are kept up by the authority and at the expense of government. Therefore, it is that kind of maintenance to which the statute concerning maintenance and user must be confined.

It is realized, of course, that proof of such public maintenance of old roads may be difficult in a given case. It may be largely a matter of history. In such a case, the rules of evidence will not be drawn too strictly.

It seems clear that the answers of all 3 defendants admit that prior to 1889 the road now in controversy was a public highway. Each answer contains the usual general denial, but it then proceeds to set up the special defense that in 1889 the county commissioners "in order to shorten the Brainerd and Deerwood road" established a cut-off which has since been continuously used and maintained by the public. It is further alleged that the old road, so far as now in question, was thereupon abandoned as a "public thoroughfare" and no improvements made, nor public money spent thereon. Defendants further allege that said old road "was vacated and abandoned two years after the establishing of the county road," provided as a means of shortening the old route and getting away from the necessity of building a bridge at a point where it was submerged in 1889 by the backwaters of the then new Brainerd dam.

It is difficult for us to see why answers so couched are not admissions, definite and unequivocal, that, for a long time prior to 1889, when the new county road cut-off was put through, the old road was a public highway; it appearing that it had been used as such for much more than 6 years, and that work of a public and official nature had been done on it. The very allegation of the vacation of the old road and its abandonment is an affirmance of its prior existence as a highway.

This brings us to the claim, pressed very earnestly by respondents, that the disused portion of the old road was automatically vacated 2 years after the establishment of the cutoff. For this argument section 2565, G. S. 1913, is the assigned authority. That section provides that after the changing of a road by a county or town board, the road as it existed before the order shall remain

open to public travel for 2 years from the date of the order. If that statute controlled, the portion of the road now in question would have to be considered vacated in 1891 for the new and substitute road was established in 1889.

The trouble with that argument is that the cited statute does not apply because it was not a part of our law until 1903. It then appeared for the first time as chapter 96 of the General Laws of that year. Moreover, it did not apply to any road "changed" prior to its passage. The question of the automatic statutory vacation of the old road therefore seems out of the case.

The alleged abandonment of the old road, as distinguished from its vacation, is a matter which it would be improper for us to discuss upon the record as it stands. It is something to be disposed of only at the trial.

It is clear that, whatever happened to the old road so far as the public is concerned, plaintiff may have a right of way over its route through a private easement acquired by the adverse user of the old road by himself and his predecessors in interest. In other words, even though the road was abandoned or vacated as a public highway, yet, if the plaintiff and his predecessors have so used it as to acquire an easement by prescription, they will not be foreclosed of the resulting benefit. That is another question which is not to be considered as affected one way or the other by this opinion.

So far as the decision below was based upon a rule of law, we have examined and confirmed it. In all its other aspects, the order was a matter of discretion.

Order affirmed.