**Daniel F. PADRNOS, et al., Appellant,**

v.

**CITY OF NISSWA, Respondent,**

**County of Crow Wing, Respondent.**

**No. C7–86–1708.**

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 23, 1987.

Douglas P. Anderson, Little Falls, for appellant.

Thomas A. Fitzpatrick, Brainerd, for respondent City of Nisswa.

Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for respondent County of Crow Wing.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

Daniel Padrnos appeals the denial of his petition to have a strip of public road declared abandoned under the Marketable Title Act, claiming the trial court erred in finding the road had been in public possession since its establishment. We hold the Marketable Title Act does not apply in this action, and we affirm.

## FACTS

Daniel Padrnos owns and operates the Four Seasons Resort on Gull Lake near the city of Nisswa. The resort is located in the southwest corner of St. Colombo plat, which is also the dividing line between Section 34, Township 135 North, Range 29 West, and Section 3, Township 134 North, Range 29 West.

St. Colombo road runs along the southern boundary of the St. Colombo plat. According to the plat map, the road extends to the shores of Gull Lake. The westernmost, approximately 430–foot-long, 33–foot-wide,[1] unpaved section of road (the unopened roadway), is the subject of this appeal.

The unopened roadway has tire tracks ending about 30 feet from the lakeshore. At that point, there is an old boathouse partially blocking the roadway and a steep bank dropping down to the water. Although about half of its width is blocked by trees and tree branches, the road is passable by car up to the bank, and snowmobiles use the road for access to the lake in winter. In 1958 the previous owner of land adjacent to the roadway filed a petition to vacate the road. The court found the road provides public access to Gull Lake and denied the petition.

In 1977, before he purchased the resort, Padrnos had the property surveyed and discovered a 33–foot-wide "easement" for ingress and egress by inland lot owners to the highway. When he found out the "easement" was not included in the resort property, Padrnos arranged a reduction in the purchase price to reflect the corresponding loss in lakefront footage.

After he closed on the property, Padrnos installed some new docks and a gas pump on the shoreline within the designated roadway. He also used the roadway as a parking lot for tenants and erected a permanent volleyball net across it. Neighbors complained about these uses to the city of Nisswa, Crow Wing County, and the DNR. Representatives from the DNR and the city responded and asked Padrnos to remove the net and move the boats and docks away from the roadway property, which he did. He also removed a post from the roadway which partially blocked access to the lake.

In 1985 Padrnos purchased the northernmost 84 feet of the Best Place plat, the plat immediately south of the St. Colombo plat, and he now owns the property on both sides of the unopened roadway.

In an effort to acquire the property for the resort, Padrnos claimed the road had been abandoned and brought an action under the Marketable Title Act. The trial court found the road had been in public possession since its establishment and denied his petition. The court also denied his post-trial motion for amended findings or a new trial, and he appeals.

## ISSUE

Does the Marketable Title Act apply in this action?

## ANALYSIS

■ The Marketable Title Act (MTA) is a statute of limitations which restricts a par-

---

1. The platted road was actually 66 feet wide, but the southern half of this portion of St. Colombo road was officially vacated May 26, 1921.

ty from asserting an unregistered interest in another person's title to property. *Northfork Township v. Joffer*, 353 N.W.2d 216, 218 (Minn.Ct.App.1984). Specifically, the Act provides:

> Subdivision 1. Commencement. As against a claim of title based upon a source of title, which source has then been of record at least 40 years, no action affecting the * * * title of any real estate shall be commenced by a person, * * * state, or political division thereof * * * to enforce any right, claim, interest, * * * upon any instrument [or] event * * * which was executed * * * more than 40 years prior to the commencement of such action * * *.
>
> \*     \*     \*     \*     \*     \*
>
> Subd. 5. Abandonment presumed. Any claimant under any * * * event * * * barred by the provisions of this section shall be conclusively presumed to have abandoned all * * * claim * * * based upon such * * * event * * *.

Minn. Stat. § 541.023, subds. 1, 5 (1984).

We believe the MTA was designed to be invoked as a defense in a situation where a party claims title to property and another party asserts a hostile claim to the same property. The statute does not operate to provide a foundation for a new title. *Wichelman v. Messner*, 250 Minn. 88, 112, 83 N.W.2d 800, 819 (1957). The Act is a defensive statute which

> is in part a statute of limitations, except that it merely requires record notice to be filed within a stated period rather than requiring that an action be commenced to assert any outstanding interest.

*Id.*, 250 Minn. at 117, 83 N.W.2d at 823.

This case comes to us in a different procedural posture. Padrnos inappropriately attempts to use the statute affirmatively in asserting a property interest in an unopened roadway which he has essentially treated as private property since he purchased the adjoining resort. Aside from some local government representatives ordering him to remove a permanent structure from the roadway, and seasonal public use by local landowners, neither the city nor the county actively sought to prevent Padrnos from using the property. Nevertheless, Padrnos petitioned to have the unopened portion of St. Colombo road deemed judicially abandoned under the MTA.

There are two basic requirements necessary to extinguish an interest in land under the MTA:

> First, the party desiring to invoke the statute for his own benefit must have a requisite "claim of title based upon a source of title, which source has then been of record at least 40 years," (i.e. a recorded fee simple title). Secondly, the person against whom the act is invoked must be one who is "conclusively presumed to have abandoned all right, claim, interest * * * in the property" (subd. 5).

*Id.*, 250 Minn. at 112, 83 N.W.2d at 819.

Padrnos asserts his claim on the basis of the second requirement, but he does not himself meet the first requirement of the statute. Padrnos has no "claim of title based upon a source of title which has been of record at least 40 years" and cannot rely on the MTA to support his claim of abandonment. He did not purchase the roadway property when he bought the resort and has not claimed nor has he presented evidence to support a claim of adverse possession. *See Roemer v. Eversman*, 304 N.W.2d 653 (Minn.1981) (disseizor must show, by clear and convincing evidence, actual, open, hostile, continuous, and exclusive possession for 15 years). We find Padrnos lacks a sufficient claim of title to the roadway property and hold he should not be able to invoke the protection of the MTA.[2]

---

2. Respondents claim the MTA does not apply because platted roads can be vacated only through Minn. Stat. § 505.14. That statute allows a district court to vacate a road upon a showing that it "is useless for the purpose for which it was laid out."

We note that a petition to vacate this section of St. Colombo road was denied in 1958 on the grounds that it provided valuable public access to Gull Lake. However, the trial court did not address this issue in its findings and, because

■ While we do not disagree with the trial court that there is sufficient evidence to support a finding the road had been in public possession since its establishment, that finding is ancillary to the holding on appeal, since we find the MTA does not apply.

### DECISION

Affirmed.

we decide the case on other grounds, we do not    address it here.