Dean R. **MAESER, et al., Appellants,**

v.

**COOK, VOEGELE AND NELSON, P.A.,
f/k/a Cook & Dokken, Ltd.,
Respondent.**

No. C3–89–702.

Court of Appeals of Minnesota.

Oct. 17, 1989.

John F. Bonner, III, Bonner Law Offices, Minneapolis, for appellants.

Keith R. Nelson, Cook, Voegele & Nelson, P.A., Faribault, for respondent.

Heard, considered, and decided by SCHUMACHER, P.J., and FORSBERG and GARDEBRING, JJ.

## OPINION

GARDEBRING, Judge.

Summary judgment was granted against Dean Maeser's claim of legal malpractice. Maeser now appeals the trial court's decision, contending that a question of material fact exists regarding the source of title to the real property at issue. We affirm.

## FACTS

In 1943, William Driessen commenced an action to quiet title to property which he purchased from Charles and John Batchelder. The action to determine adverse claims was brought to clarify a 1935 probate decree which conveyed title to the entire property to the Batchelders, with the exception of three acres—one acre was conveyed to Maple Lawn Cemetery Association and two acres to Mary Lang. The three acres were not described in full legal terms. Eight acres of the remaining property were subsequently sold by the Batchelders to Charles Nye. The quiet title action named, *inter alia*, Maple Lawn, Mary Lang, and Charles Nye as defendants having potential claims adverse to William Driessen. Judgment was entered affirming Driessen's fee simple title to the property at issue in the present case.

The subject property was purchased by Dean Maeser upon receiving a title opinion, dated October 31, 1972, by Stephen I. Dokken of respondent law firm Cook, Voegele & Nelson, P.A. f/k/a Cook & Dokken, Ltd. concluding that title was marketable.

Ten years later, Maeser entered a contract to sell the property. The buyers obtained a title opinion, dated November 30, 1982, written by Mary D.H. Lippert of Lippert Law Offices, P.A. Lippert concluded

that title to the property was not marketable under Minnesota's Marketable Title Act, Minn.Stat. § 541.023 (1988), because the judgment determining adverse claims was not of record for 40 years and, therefore, in her opinion, the property did not have a valid source of title.

Upon Lippert's recommendation, Maeser completed a Torrens proceeding to register the property, incurring more than $9,000 in costs and fees. Maeser commenced this legal malpractice action to recover these expenses.

Respondent's motion for summary judgment was granted. The trial court found as a matter of law that (1) Maeser had a valid 40 year source of title at the time of the Dokken title opinion; (2) the Marketable Title Act was not applicable to this case; and (3) attorney Dokken was not negligent in concluding that title was marketable.

## ISSUES

1. Must a judgment determining adverse claims be of record at least 40 years in order to convey marketable title?

2. Is respondent entitled to recover attorney fees?

## ANALYSIS

Summary judgment will be granted if there is no genuine issue as to any material fact, and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On review of a summary judgment, this court must determine whether there are any genuine issues of material fact to be litigated and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

*Marketable Title*

A marketable title is one that is free from reasonable doubt and one that a prudent person with full knowledge of the facts would be willing to accept. *Glaser v. Minnesota Federal Savings & Loan Association*, 389 N.W.2d 763, 764 (Minn.Ct.App. 1986) (citing *Hubachek v. Maxbass Security Bank*, 117 Minn. 163, 169, 134 N.W. 640,

642 (1912)). A title that may force the purchaser into litigation to remove defects is not a marketable title. *Id.*

The Marketable Title Act (MTA) is a 40-year statute of limitations enacted to prevent ancient title defects from fettering the marketability of real estate. Minn.Stat. § 541.023, subd. 5 (1988); *see Wichelman v. Messner*, 250 Minn. 88, 99, 106–07, 83 N.W.2d 800, 812, 816 (1957). The MTA prevents persons from asserting unregistered adverse claims against another person having a source of title that has been of record at least 40 years. Minn.Stat. § 541.023, subd. 1 (1988); *Padrnos v. City of Nisswa*, 409 N.W.2d 36, 38 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. Sept. 23, 1987).

Maeser's contention that the source of title is the judgment determining adverse claims recorded on May 22, 1946, is unfounded. His argument that this court must defer to an alleged standard of practice used by attorneys to interpret the relationship between the MTA and Minn.Stat. § 559.01 is without merit. Proffered evidence of erroneous interpretations by lawyers is immaterial and not relevant to this court's consideration. The operation of these two statutes is a legal question to be determined by this court. *Matter of the Welfare of M.J.M.*, 416 N.W.2d 142, 146 (Minn.Ct.App.1987) (citing *Hibbing Education Association v. Public Employment Relations Board*, 369 N.W.2d 527, 529 (Minn.1985)).

We agree with the trial court that the judgment merely completed the chain of title. It did not create a new source of title, but merely confirmed the prior source and extinguished the potential adverse claims of Maple Lawn, Lang, and Nye.

To interpret the operation of the MTA as the sole method of quieting title would effectively eliminate the action to determine adverse claims, Minn.Stat. § 559.01 (1988), and the Torrens proceeding to register property, Minn.Stat. § 508.22 (1988), as alternative methods. Statutes should be construed to be effective and certain and to achieve a result that is reasonable and not absurd. Minn.Stat. § 645.17(1–2) (1988).

To require a judgment determining adverse claims to be of record for 40 years would nullify the legislature's expressed intent that such judgments are effective immediately upon recording. Minn.Stat. § 548.25 (1988). Furthermore, it would place an undue restriction on the conveyance of real estate.

*Attorney Fees*

This lawsuit was brought in good faith; consequently, respondent is not entitled to attorney fees. Minn.Stat. § 549.21, subd. 2 (1988).

## DECISION

The MTA is a statute of limitations. It is not the sole method of quieting title. The judgment determining adverse claims cured any defects in title and became effective immediately, and does not have to be of record for 40 years before the owner can convey marketable title.

Because Driessen's title was marketable, attorney Dokken could not, as a matter of law, be found negligent for failing to object to nonexistent title defects.

Affirmed.