Robert L. FOSTER, et al., Appellants,

v.

Fidelia BERGSTROM, et al., City of Pine City, by and through its City Council, Respondents.

No. C3–93–2096.

Court of Appeals of Minnesota.

April 26, 1994.

---

Barry L. Blomquist, North Branch, for appellants.

Gary A. Van Cleve, Larkin, Hoffman, Daly & Lindgren, Bloomington, for Fidelia Bergstrom, et al.

Kevin Hofstad, Ledin & Hofstad, Pine City, for City of Pine City.

Considered and decided by PARKER, P.J., and HUSPENI and MULALLY,* JJ.

## OPINION

PARKER, Judge.

Residential landowners requiring public access for a proposed subdivision brought an action against a neighboring family and the city to declare an existing roadway a public street. The neighboring family successfully invoked the Marketable Title Act as a defense and established ownership by construc-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

tion of their deed. The landowners appeal the district court's declaration that the disputed road is not a public street and that the claim of title is barred by the Marketable Title Act. We affirm and remand with instructions to the trial court to provide a legal description of the subject property.

## FACTS

Third Avenue West in Pine City, Minnesota, is a platted public road. It is paved until it reaches a "dead end" sign. A bituminous surface lies west of the dead-end. The disputed property is referred to as the "southwesterly extension of Third Avenue" beyond the dead-end sign and includes the bituminous section extending west from Third Avenue and a gravel surface west of that. West of the gravel surface, the land descends into a wetland or swamp area. A roadbed ("old roadbed") lies in the swampland and extends southwesterly from the gravel surface.

The Bergstrom and Foster families live near the dead-end portion of Third Avenue. Appellants Robert L. and Helen L. Foster own property north of the disputed area. Respondent Bergstroms' family home is south of the disputed road and west of the Third Avenue dead end. It is directly in front of the disputed road.

The Bergstroms acquired their parcel in 1941. August Bergstrom Sr. (deceased in 1971) built a family home on the property in 1947. Fidelia Bergstrom (his widow) has lived continuously in this home since 1947. The Bergstrom property is legally described, in part, as

that part of Lot Three * * * lying South of the South line of 3rd Avenue, in the Village of Pine City, and the road angling southwesterly from the straight line of said street.

The Fosters bought property south of Third Avenue in 1949 and lived there from 1951 to 1990. In 1965, they purchased property across the street on the north side of Third Avenue. They relocated there in 1990. The Foster property is legally described, in part, as

[t]hat part of Govt. Lot 3 * * * North of Third Ave. and the road continuing southwesterly therefrom.

The Bergstroms periodically maintained and improved the disputed roadway. After building the family home in 1947, August Bergstrom laid dirt, gravel, and street sweepings to fill in what was then known as the "corduroy road." He rolled and graded the road to keep it level. He plowed and removed snow from the road with his tractor. Bergstrom installed a curb and gutter on the south side of the road in 1957. About 1960 he began a continuous procedure of acquiring and depositing bituminous fill on the road. In 1991, two Bergstrom sons repaired the road after it was damaged by trucks.

The Bergstrom family used the disputed road since the early 1950s. Prior to this dispute, they parked vehicles on the entire road. One of the Bergstom daughters stated that the road was like their driveway. The Bergstrom children used the road as a play area, and during family gatherings guests and family members parked their vehicles in the area.

The Fosters occasionally parked vehicles on the north edge of the disputed road. One of the Foster sons periodically parked a semi-truck trailer on the road for three years in the 1960s. Guests visiting the Fosters used the road for parking as well.

The parties disagree on the extent to which the public used the southwesterly extension of Third Avenue. Helen Foster testified that the disputed road is used constantly. According to the Fosters, motorists searching for the freeway turn around on the gravel extension "pretty much on a daily basis," after realizing that the street is a dead-end. A Pine County Sheriff's Deputy testified that, over the years, he observed several Bergstrom vehicles parked on the bituminous area but never saw any members of the general public use the road. The Bergstroms testified that motorists drive on the disputed road once in a very great while.

Pine City employees performed some maintenance on the disputed road. The city regularly removed snow from the road when plowing Third Avenue. Crews plowed be-

yond the Bergstrom home and pushed the snow down the old roadbed into the swamp area. Generally, parking on city streets is restricted from November to April and citations are issued when a snowplow encounters parked vehicles. However, the city plowed a path between the parked Bergstrom vehicles and did not issue citations on the disputed road.

Pine City hauled and dumped sweeping materials on the disputed area on at least one occasion to repair the road where it was damaged by water released from hydrants. The city once deposited four or five truck loads of gravel on the road. The city patched the bituminous area at least once and may have laid blacktop on the disputed road on one occasion. A portion of the road may have been used by garbage collection crews.

In 1991, the Fosters proposed a subdivision of their property north of the disputed road. To satisfy a subdivision requirement, they sought a declaration that the disputed extension of Third Avenue was a public street providing access to the proposed subdivisions. In October of 1991, the Fosters filed a complaint asserting that the disputed extension of Third Avenue is a public road by virtue of statutory dedication under Minn. Stat. § 160.05 (1990).

After a bench trial, the district court concluded that the disputed extension of Third Avenue is not a public street under Minn. Stat. § 160.05 (1990). The court further determined that the Fosters did not satisfy their burden of proof to overcome the defense of the Marketable Title Act, which creates a conclusive presumption the city abandoned the disputed roadway. Minn. Stat. § 541.023 (1990). The Fosters' motion for a new trial was denied. The court awarded each party ownership of the old roadbed to the centerline. Pine City is named as an individual defendant and respondent to this action. The city remained neutral at trial but now asks that the decision of the district court be affirmed.

## ISSUES

I. Did the trial court clearly err in finding insufficient evidence that the disputed roadway is a public street by virtue of statutory dedication under Minn.Stat. § 160.05 (1990)?

II. Did the trial court clearly err in finding insufficient evidence of possession to overcome the presumption of abandonment under the Marketable Title Act, Minn.Stat. § 541.023 (1990)?

III. Is the trial court's determination that the Bergstroms own the disputed roadway by construction of their deed clearly erroneous?

IV. Did the trial court err by failing to provide a legal description of the disputed property?

V. Did the trial court abuse its discretion by denying the Fosters' motion for a new trial?

## DISCUSSION

 "On appeal from a judgment, this court's scope of review is limited to deciding whether the trial court's findings are clearly erroneous and whether it erred in its legal conclusions." *Citizens State Bank of Hayfield v. Leth*, 450 N.W.2d 923, 925 (Minn.App. 1990). In actions tried without a jury, if the trial court's findings are reasonably supported by the evidence as a whole, or not manifestly contrary to the weight of the evidence, the findings must be affirmed. *Northern States Power Co. v. Lyon Food Prods. Inc.*, 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975).

### I. *Statutory Dedication*

 The Fosters argue that the disputed extension of Third Avenue is a public street by virtue of statutory dedication. Minn.Stat. § 160.05, subd. 1 (1990). That statute provides, in relevant part:

When any road or portion of a road has been used and kept in repair and worked for at least six years continuously as a public highway by a road authority, it shall be deemed dedicated to the public * * * whether it has ever been established as a public highway or not.

Minn.Stat. § 160.05, subd. 1 (1990). Designation as a public street requires (1) use by

the public and (2) maintenance by an appropriate government agency (3) over a continuous period of at least six years. *Shinneman v. Arago Township,* 288 N.W.2d 239, 242 (Minn.1980).

■ Public use must be shown by clear and convincing evidence. *Town of Wells v. Sullivan,* 125 Minn. 353, 355, 357, 147 N.W. 244, 245, 246 (1914). Use may be by a comparatively small number of persons and still be "public use." *Anderson v. Birkeland,* 229 Minn. 77, 82, 38 N.W.2d 215, 219 (1949). For example, a few people using a road for seasonal access to recreational areas may be sufficient. *Id.* Continuous use by as few as three people may constitute public use. *See, e.g., Town of Belle Prairie v. Kliber,* 448 N.W.2d 375, 379 (Minn.App.1989).

The only use of the disputed road by the public was to turn vehicles around after a mistaken belief that the road was a through street. The road was not used for access to the nearby river. Other than the Bergsroms and Fosters, no members of the public used the road continuously for six years. The general public has no reason to use the roadway, since it leads into swampland overgrown with vegetation. The trial court's finding of insufficient public use is reasonably supported by the evidence.

■ Statutory dedication also requires clear and convincing evidence of continuous city maintenance for six years. *Id.* Maintenance must be of the quality and character performed on an already existing public road. *Shinneman,* 288 N.W.2d at 242. This is a factual question. *Wojahn v. Johnson,* 297 N.W.2d 298, 307 (Minn.1980). A trial court's finding of sufficient maintenance was affirmed where a city laid gravel, leveled, graded, removed weeds, and installed culverts within an eight-year period. *Leeper v. Hampton Hills, Inc.,* 290 Minn. 143, 147, 187 N.W.2d 765, 768 (1971). A finding of sufficient maintenance was also affirmed where the city dragged a road every year in the spring. *Kliber,* 448 N.W.2d at 379–80. The supreme court reversed a trial court's finding of sufficient maintenance where a city engaged in four instances of grading and graveling in 24 years. *Ravenna Township v. Grunseth,* 314 N.W.2d 214, 218 (Minn.1981).

The court found maintenance "substantially less" than that required by Minn.Stat. § 160.05. *Id.*

■ Pine City performed some maintenance on the disputed road. Gravel and sweeping material were deposited on at least one occasion. The city laid blacktop on the disputed road at least once and patched the road upon request. The city regularly removed snow from the road, but plowed between the Bergstrom vehicles rather than issuing citations or towing the vehicles, as is customary practice on other city streets. The evidence is ambiguous as to whether Pine City pushes snow beyond the disputed portion of Third Avenue to maintain the road, or merely as a convenience for the city and the Bergstroms. The trial court could properly find that the quality and nature of city maintenance on the disputed road falls short of that done on already existing public roads. The trial court did not clearly err in denying the Fosters' statutory dedication claim.

## II. Marketable Title Act

■ The Fosters contend the trial court erred in applying the Marketable Title Act as a defense to their claim of title. Minn.Stat. § 541.023 (1990). The Act may be invoked as a defense when a party claims title to property and another party asserts a hostile claim to the same property. *Padrnos v. City of Nisswa,* 409 N.W.2d 36, 38 (Minn. App.1987), *pet. for rev. denied* (Minn. Sept. 23, 1987). The Act also applies to public roads. *Township of Sterling v. Griffin,* 309 Minn. 230, 235, 244 N.W.2d 129, 133 (Minn. 1976).

■ Two requirements must be met for the Marketable Title Act to apply. First, the party invoking the Act must have a "claim of title based upon a source of title, which source has then been of record at least 40 years." *Kliber,* 448 N.W.2d at 378 (citations omitted). Second, the party against whom the Act is invoked must be conclusively presumed to have abandoned all interest in the property. *Id.* A presumption of abandonment arises if the party against whom the Act is invoked has failed to record

its interest in the property within 40 years from the date that interest is established. Minn.Stat. § 541.023 (1990); *Township of Villard v. Hoting,* 442 N.W.2d 826, 829 (Minn.App.1989). To succeed in establishing the defense of the Act, the Bergstroms must have a claim of title based upon a source of title in the record for at least forty years. *Kliber,* 448 N.W.2d at 378. The Fosters argue that source of title is lacking. Source of title includes any instrument which transfers or purports to transfer fee simple title. Minn.Stat. § 541.023, subd. 7 (1990). The Bergstroms acquired a fee interest pursuant to an administrator's deed filed in 1941. The property is legally described as "that part of Lot Three * * * South of the South line of 3rd Avenue, in the Village of Pine City, and the road angling southwesterly from the straight line of said street."

■ Findings of fact based on documentary evidence shall not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. The trial court found that the Bergstroms' deed provides an adequate source of title. Since the deed can reasonably be construed to transfer the disputed property to the Bergstroms, the trial court's finding of an adequate source of title will not be disturbed.

■ Since a successful Marketable Title Act defense by the Bergstroms extinguishes a property interest which might otherwise be held by Pine City, the Act is invoked against the city. Pine City has never recorded an interest in the disputed extension of Third Avenue. There is therefore a presumption that the city abandoned this road. Minn. Stat. § 541.023, subd. 5 (1990). The presumption of abandonment could be overcome by a showing of possession by the city. Possession must be present, actual, open, and exclusive. *Hoting,* 442 N.W.2d at 829.

■ A strong showing of possession is required to overcome the presumption of abandonment. A trial court may properly find that "some minimal grading" and "some slight ditching" is not enough to establish possession of a road. *Griffin,* 309 Minn. at 237, 244 N.W.2d at 134. In *B.W. & Leo Harris Co. v. City of Hastings,* 240 Minn. 44, 50, 59 N.W.2d 813, 817 (1953), the supreme

court reversed the trial court and found that cleaning every spring, removing weeds annually, and occasionally hauling dirt to a disputed tract is "far from sufficient" for possession under the Act.

■ Evidence of possession by Pine City consisted solely of minimal and sporadic maintenance. The city deposited fill or other material on the road on a few isolated instances. Snow was removed, but in a manner consistent with Bergstroms' possession of the road rather than that of the city. Possession cannot be equivocal or ambiguous, and must place a prudent person on inquiry that the road is a public road. *Griffin,* 309 Minn. at 236, 244 N.W.2d at 133; *City of Hastings,* 240 Minn. at 49, 59 N.W.2d at 816–817. Based on the evidence, the trial court reasonably concluded that the presumption of abandonment was not overcome.

### III. *Ownership of Disputed Roadway Based on Source of Title*

■ The Bergstroms claim ownership of the disputed road by virtue of their 1941 administrators' deed. Property conveyed to the Bergstroms is described as "that part of Lot Three * * * lying South of the South line of 3rd Avenue, in the Village of Pine City, and the road angling southwesterly from the straight line of said street." The Foster property is described as "[t]hat part of Govt. Lot 3 * * * North of Third Ave. and the road continuing southwesterly therefrom."

The trial court, sitting without a jury, awarded ownership of the disputed road to the Bergstroms. By comparing each legal description, it is plausible to construe the Bergstroms' deed to include the disputed extension of Third Avenue in the 1941 conveyance. This construction is supported by evidence showing that the Bergstroms' predecessor in interest previously fenced in the disputed road and included it within the confines of his property in 1943. Findings of fact based on documentary evidence will not be set aside unless clearly erroneous. Minn. R.Civ.P. 52.01. Because the Bergstroms' deed could reasonably be construed as conveying the disputed road, the district court

did not clearly err by awarding ownership of the road to the Bergstroms under their deed.

## IV. *Failure to Provide Legal Description*

■ The Fosters request the court to declare an accurate legal description of the parties' respective parcels. The trial court properly granted ownership of the old roadbed west of the disputed property to each party, to the centerline of the road. The Bergstroms own the disputed extension of Third Avenue. In the interests of each party, and to put this dispute to rest, a specific legal description of the disputed area must be established. On remand, the trial court may reopen the record to allow the parties to present evidence of a proper legal description of both properties consistent with this opinion.

## V. *Denial of New Trial*

■ A trial court's decision to deny a motion for a new trial will not be disturbed on appeal absent a clear abuse of discretion. *Jack Frost, Inc. v. Engineered Bldg. Components Co.,* 304 N.W.2d 346, 352 (Minn.1981). The district court determined that the evidence was insufficient to support a finding of statutory dedication or to overcome the presumption of abandonment under the Marketable Title Act. Because there is evidence reasonably supporting these decisions, and sufficient evidence supporting the award of ownership to the Bergstroms, the district court did not abuse discretion by denying the Fosters' motion for a new trial.

## DECISION

The trial court properly found that the disputed roadway is not a public street by virtue of statutory dedication, that the road is conclusively presumed to be abandoned under the Marketable Title Act, and that the Bergstroms own the disputed property. The trial court shall declare a proper legal description of the property. Denial of the Fosters' motion for a new trial was not an abuse of discretion.

**Affirmed and remanded for further proceedings consistent with this opinion.**