Mary E. **RIXMANN**, Appellant,

v.

**CITY OF PRIOR LAKE**, Respondent.

No. A06–252.

Court of Appeals of Minnesota.

Nov. 14, 2006.

Bradley J. Gunn, Patrick B. Steinhoff, Malkerson Gilliland Martin, L.L.P., and Timothy Welch, Leonard, Street and Deinard, Minneapolis, MN, for appellant.

Suesan Leal Pace, Joseph G. Schmitt, Halleland Lewis Nilan & Johnson, Minneapolis, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; GORDON W. SHUMAKER, Judge; and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant challenges summary judgment granted to respondent city dismissing her action seeking a declaration that a turnaround at the end of a public street had become public under Minn.Stat. § 160.05, subd. 1 (2004).

### FACTS

Appellant Mary E. Rixmann owns property in the Breezy Point subdivision of respondent municipality of Prior Lake (the city). The original plat of the Breezy Point Addition created 17 lots, some locat-

ed on a peninsula that extends into the lake. The plat included a private road that runs the length of the peninsula. That road has become a public road known as Breezy Point Road. At the end of Breezy Point Road is a circular driveway (turnaround) on the property of Kathleen Spielman and Cyril Schweich, who occupy the lot at the end of the peninsula. Rixmann, whose property is adjacent to the Spielman–Schweich property, brought a declaratory judgment action, asserting that, through public use and maintenance for more than six years, the turnaround has become public under Minn.Stat. § 160.05, subd. 1 (2004). The city denied Rixmann's claim and moved for summary judgment.[1] The city argued that Rixmann failed to raise a genuine issue of material fact on the maintenance requirement of the statute. The district court agreed and granted summary judgment to the city. This appeal followed.

### ISSUE

Did the district court err in concluding that Rixmann failed to establish a genuine issue of material fact on her claim that the city kept the turnaround in repair for at least six years as required for statutory dedication under Minn.Stat. § 160.05?

### ANALYSIS

On appeal from summary judgment, we ask: (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its application of law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). We view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). A genuine issue for trial

---

1. This case appears to be the first time that Minn.Stat. § 160.05 has been invoked to establish statutory dedication against the wishes of the road authority in question.

must be established by "substantial evidence," and "the party resisting summary judgment must do more than rest on mere averments." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69–71 (Minn.1997).

Minn.Stat. § 160.05, subd. 1 (2004) provides in relevant part:

> When any road or portion of a road has been used and kept in repair and worked for at least six years continuously as a public highway by a road authority, it shall be deemed dedicated to the public to the width of the actual use and be and remain, until lawfully vacated, a public highway whether it has ever been established as a public highway or not.

Although the statute does not use the term "maintenance," case law has consistently referred to the "kept in repair" language of the statute as "maintenance." *See Foster v. Bergstrom,* 515 N.W.2d 581, 585–6 (Minn.App.1994) (citing *Shinneman v. Arago Twp.,* 288 N.W.2d 239, 242 (Minn.1980) for the proposition that "[d]esignation as a public street requires (1) use by the public and (2) maintenance by an appropriate government agency (3) over a continuous period of at least six years.").

The sufficiency of public use and maintenance under the statute is a fact question. *Id.* at 586. But there is no genuine issue of material fact for trial when a nonmoving party fails to present evidence which is sufficiently probative with respect to an essential element of the case to permit reasonable persons to draw different conclusions. *DLH, Inc.,* 566 N.W.2d at 71. The parties agree that Rixmann provided sufficient evidence of use by the public to withstand summary judgment, and the only issue on appeal is whether Rixmann provided sufficient evidence of maintenance to withstand summary judgment.

## I. Standard of proof

■ The parties disagree on the standard of proof by which Rixmann must establish the maintenance requirement of the statute. The district court determined that Rixmann failed to present sufficient evidence of maintenance to create a genuine issue of material fact, but the district court did not address the parties' dispute about the standard of proof. Because there is some confusion in the case law regarding the standard of proof required for statutory dedication, we first address that issue.

■ The proper standard of proof is a question of law. *Petition of N. States Power Co.,* 402 N.W.2d 135, 138 (Minn. App.1987). In civil actions, the standard of proof required is generally a fair preponderance of the evidence. *Carpenter v. Nelson,* 257 Minn. 424, 427, 101 N.W.2d 918, 921 (1960), *rev'd on other grounds,* 416 N.W.2d 719, 730 (Minn.1987). In a statutorily created cause of action, the legislature generally has the power to determine the standard of proof. *State by Humphrey v. Alpine Air Prods., Inc.,* 500 N.W.2d 788, 790 (Minn.1993). We regard the legislature's silence about the standard of proof as a signal that the legislature intended the preponderance-of-the-evidence standard. *Id.*

The city argues that clear and convincing evidence is required to establish statutory dedication, citing *Foster,* in which this court stated that statutory dedication requires "clear and convincing evidence" of public use and maintenance for six years. 515 N.W.2d at 586. But the standard of proof was not an issue in *Foster,* and Rixmann correctly notes that neither the statute, which is silent as to the standard of proof, nor the case law prior to *Foster,* supports the standard of proof articulated in *Foster. Foster* relied on *Town of Wells v. Sullivan,* 125 Minn. 353, 355, 147 N.W.

244, 245, (1914), which stated that "[t]here must be definite and clear evidence that . . . work, appropriate to keep public roads in proper condition, was done at public expense or by the public authorities." 515 N.W.2d at 586. But *Foster* failed to note a case issued subsequent to *Town of Wells* that clarified the quotation, stating:

> While its language refers to the necessity for "definite and clear evidence" of maintenance work under public auspices and at public expense, it is not to be taken that the performance of such work must be proven by anything more than the usual preponderance of evidence.

*Whiteley v. Strickler*, 159 Minn. 145, 146, 198 N.W. 420, 421 (1924). We conclude that the standard of proof required to establish dedication of a road under Minn. Stat. § 160.05, subd. 1, is a preponderance of evidence and not, as we erroneously stated in *Foster*, clear and convincing evidence.

## II.  Evidence of public maintenance

 "To satisfy the maintenance requirement, the 'maintenance must be of a quality and character appropriate to an already existing public road.'" *Town of Belle Prairie v. Kliber*, 448 N.W.2d 375, 379 (Minn.App.1989) (quoting *Shinneman*, 288 N.W.2d at 242). "It is not necessary that every part of a road be worked at government expense or that any particular part receive attention every year of the 6-year period." *Leeper v. Hampton Hills, Inc.*, 290 Minn. 143, 146, 187 N.W.2d 765, 767–68 (1971). It has long been established that to meet the statutory maintenance requirement, it is sufficient if maintenance is performed when necessary. *Hansen v. Town of Verdi*, 83 Minn. 44, 46, 85 N.W. 906, 907 (1901) (affirming public dedication of a road on evidence that, although very little work was required to keep the road in good repair, work had been done from time to time as necessary); *Northfork Twp. v. Joffer*, 353 N.W.2d 216, 218–9 (Minn.App.1984) (affirming district court's conclusion that there was a statutory public dedication of a road based on public maintenance performed when necessary).

Rixmann argues that evidence of public use for more than six years creates a reasonable inference that the turnaround was kept in sufficient repair by the city to permit the public use. Rixmann argues that this inference, coupled with direct evidence of maintenance, is sufficient to defeat summary judgment. Rixmann also argues that the presence and maintenance of utilities in the center of the turnaround and evidence that the city plowed snow from the turnaround for more than six years is further evidence that the turnaround was maintained as part of the public road. The record shows that the city included plans for the turnaround in the 2004 road improvement project for Breezy Point Road. During this project, the city moved the utilities, constructed a concrete spillway to divert runoff from the turnaround into the lake, and repaved the turnaround.

The city argues that its activities in the turnaround cannot be characterized as the type of repair work contemplated by the statute because it was merely doing what was necessary to access public utilities it maintained in the turnaround for which the city has an easement. But the city only obtained an easement for the utilities after Rixmann asserted statutory dedication, and the record is silent about how the utilities came to be located and maintained by the city in the center of the turnaround prior to the easement.[2]

---

**2.** At oral argument before this court, the city asserted that the utilities were maintained on

The city argues that Rixmann has failed to provide evidence that its maintenance of the turnaround was of the "quality and character appropriate to an already existing public road" as required by *Shinneman*, 288 N.W.2d at 242. The city produced evidence that it has not performed "typical" road work such as oiling, gravelling, or sweeping, and therefore Rixmann has "essentially conceded" that the city did not maintain the turnaround as required for a determination of dedication. But as noted above, the cases on statutory dedication hold that Rixmann only has a burden to show that *necessary* work was performed over a six year period. Rixmann presented evidence that the work performed by the city in the turnaround, including snow plowing, not only equaled, but exceeded work performed on the rest of Breezy Point Road since its creation.

At oral argument before this court, the city argued for the first time that road maintenance cannot be sufficient for dedication if the road authority did not intend for dedication to occur, citing *Wojahn v. Johnson*, 297 N.W.2d 298, 307 (Minn.1980). But *Wojahn* merely affirmed a trial court's conclusion that there was no statutory dedication where the town board had not authorized maintenance and any work performed was done voluntarily by individual workers as a favor to the landowner. *Id.* In this case, there is no evidence that any work performed by the city in the turnaround was not authorized by the city.

The city cites a number of cases as examples of "similar circumstances" in which courts have held that evidence of maintenance was insufficient to establish statutory dedication. *See Ravenna Twp. v. Grunseth*, 314 N.W.2d 214 (Minn.1981); *Wojahn*, 297 N.W.2d 298 (Minn.1980); *Foster*, 515 N.W.2d 581 (Minn.App.1994).

But none of these cases involved summary judgment. Review of the findings in those cases was for clear error. In this case, we must view the evidence in the light most favorable to Rixmann to determine if there are any genuine issues of material fact that make summary judgment inappropriate. *See Fabio*, 504 N.W.2d at 761. This distinction is significant.

The district court characterized Rixmann's evidence of maintenance by the city "weak," and stated that "it is unlikely that [Rixmann] presented sufficient evidence that the [c]ity 'maintained' the [t]urnaround." But a weak showing and unlikely success at trial does not justify a grant of summary judgment. The district court concluded that summary judgment was appropriate, because the record was "essentially devoid of evidence that the [c]ity performed maintenance on the [t]urnaround for six years." The district court stated that "[o]ne lone project in 2004 would clearly be insufficient to satisfy the six year requirement." But as noted above, the maintenance element of the statute does not require that work be performed every year for six years.

We conclude that the district court improperly weighed the evidence in light of what it perceived Rixmann must prove to succeed at trial, rather than applying the summary judgment standard. The district court stated, "it would seem impossible for [Rixmann] to sustain her burden and prove maintenance by the City for six years based upon testimony of individuals whose personal knowledge of such events would extend to three or four years at the most." But Rixmann's chance of success at trial is not relevant to the issue of whether she presented sufficient evidence to defeat

a private driveway by verbal agreement with Spielman and Schweich, but conceded that

there is no evidence of such an agreement in the record.

summary judgment. *DLH, Inc.*, 566 N.W.2d at 71.

## DECISION

The standard of proof for dedication of a road under Minn.Stat. § 160.05, subd. 1 (2004) is a preponderance of evidence. Viewing the evidence in this case in the light most favorable to Rixmann, we conclude that she has raised a sufficient issue of fact regarding the city's maintenance of the turnaround to withstand summary judgment on her action to declare the turnaround public under Minn.Stat. § 160.05, subd. 1.

**Reversed and remanded.**